STATE *v.* HARRY I. STANLEY.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 18, 1909.

*Criminal Law—Objections Below—Necessity—Justices of the Peace—Jurisdiction—Failure to Exercise—Effect—Former Jeopardy—Statutes—Construction—Pari Materia—Service —Waiver—General Appearance.*

Where a question that should have been raised by plea is raised and disposed of below on a motion to dismiss, without objection to

that use of such motion, the Supreme Court will not consider the propriety of the procedure.

Where one statute confers a limited jurisdiction of offences generally, and another a larger jurisdiction as to certain specified ones, the latter must ordinarily be given effect according to its terms, and the two will stand together, one as the law of the general subject, and the other as the law of the particular offence.

V. S. 5002 gives county courts and justices of the peace concurrent jurisdiction of offences relating to cruelty to animals. V. S. 1926 gives such jurisdiction of offences punishable by fine not exceeding $10, and "the same authority in other criminal causes, where jurisdiction is given them, although the punishment is by fine exceeding $10." V. S. 1940 empowers a justice of the peace to cause one charged with a crime exceeding his jurisdiction to be arrested and committed to jail, or bound over for trial before the county court. V. S. 5048, gives justices of the peace certain concurrent jurisdiction with the county court with a limitation excluding imprisonment. *Held*, that justices of the peace and county courts have full concurrent jurisdiction of the prosecution of offences punishable by imprisonment as well as by fine where, by the express terms of the statute, as in V. S. 5002, they are given such jurisdiction, though V. S. 1926 does not refer to punishment by imprisonment, and though imprisonment is excluded by the limitation of V. S. 5048.

A justice of the peace has no authority to bind over for trial before the county court a respondent charged before him with an offence of which he has full concurrent jurisdiction with the county court.

Where a justice of the peace, failing to exercise his jurisdiction to try a respondent charged before him with an offence of which the justice had full concurrent jurisdiction with the county court, bound him over for trial by that court, that was no bar to a subsequent prosecution of the respondent for the same offence in the county court by information.

Where a respondent makes a general appearance by an attorney, it is immaterial whether the information was served on him.

INFORMATION for cruelty to animals. Heard on motion to dismiss at the March Term, 1908, Franklin County, *Miles*, J., presiding. Motion denied, to which the respondent excepted. The opinion states the case.

*P. H. Coleman* for the respondent.

*F. S. Tupper,* State's Attorney, for the State.

MUNSON, J.   This is an information under section 4993 of chapter 217 of the Vermont Statutes, entitled ''Cruelty to Animals.''   The respondent moves to dismiss the information because of proceedings before a justice on complaint of the State's attorney for the same offence, in which the justice bound him over instead of disposing of the case; and also because there was no service of the information.   The record of the binding over on complaint is presented as a part of the files in the case by a reference in the bill of exceptions.   No point was made in the county court, and none has been made here, as to the propriety of this use of a motion to dismiss; and we dispose of the case without reference to that question, following the course taken in *Squires* v. *Squires,* 53 Vt. 208, 38 Am. Rep. 668.   See also *State* v. *Intoxicating Liquors,* 44 Vt. 208, 216.

Section 5002 of this chapter gives county courts and justices concurrent jurisdiction of offences under the preceding sections of the chapter.   V. S. 1926 gives justices jurisdiction to try and determine criminal prosecutions where the punishment is by fine not exceeding ten dollars, and the same authority in other criminal causes where jurisdiction is given them, although the punishment is by fine exceeding ten dollars.   By V. S. 1940 a justice may cause one charged with a crime exceeding his jurisdiction to try, to be apprehended and committed to jail or bound over for trial by the county court.

Where one statute confers a limited jurisdiction over offences generally, and another a larger jurisdiction as to certain specified offences, the latter must ordinarily be given effect according to its terms.   The two will stand together, one as the law of the general subject, the other as the law of the particular offence.   Bish. St. Cr., §126.

But the State contends that the second clause of V. S. 1926, relating to cases where jurisdiction is specially given, shows that the penalty of imprisonment was not contemplated, and would treat this as limiting the jurisdiction conferred by V. S. 5002 to the imposition of the enlarged fine.   The State also refers to V. S. 5048,—which gives justices certain concurrent jurisdiction with a limitation which excludes imprisonment,—as indica-

tive of a legislative policy inconsistent with any other view. The fact remains, however, that the Legislature has here given the same jurisdiction to county courts and justices by explicit language, and we see no ground upon which the court can recognize an enlarged jurisdiction as regards the fine and deny it as regards the imprisonment.

So the justice had full concurrent jurisdiction, and this being so he had no authority to hold the respondent for the action of the county court. But it does not follow that the information filed in that court by the State's attorney is to be dismissed on his motion. The right of the State's attorney to proceed against him before the grand jury or by information did not depend upon the existence or status of a complaint. The failure of the justice to exercise his jurisdiction did not make the inquiry had before him a bar to subsequent proceedings.

The docket shows a general appearance by attorney. So the respondent is in court for all purposes, and the question of service is immaterial.

*Judgment affirmed and cause remanded.*