IN RE S. A. CLEVELAND.

January Term, 1914.

Present:  POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 6, 1914.

*Insane Pauper—Inquisition of Insanity—Appeal Bond—Necessity—No. 92, Acts 1908.*

P. S. 3720, providing that the costs and expenses of the examination and removal of an insane person shall be paid by the town instituting the inquiry, applies as well after appeal is taken to county court as before, and so where the alleged insane person, by virtue of No. 92, Acts 1908, appealed to the county court from the decision of a judge of probate sitting as a court of inquiry in a proceeding instituted by selectmen under P. S. 3716, 3718, as amended by No. 119, Acts 1910, he is entitled to such appeal without giving a bond to pay costs occasioned thereby.

A statute exclusively relating to particular proceedings will prevail over a contrary general statute that would otherwise control.

APPEAL from an adjudication of insanity made by a judge of probate sitting as a court of inquiry, in a proceeding instituted by selectmen under P. S. 3716, 3718, as amended by No. 119, Acts 1910. Heard on appellee's motion to dismiss the appeal at

the September Term, 1913, Orleans County, *Waterman*, J., presiding.  Appeal dismissed.  Appellant excepted.  The opinion states the case.

*Grout & Grout* and *Young & Young* for the appellee.

*J. W. Redmond* and *Harry A. Black* for the appellant.

WATSON, J.  This case is here on exception by the alleged insane person to the action of the county court in dismissing his appeal, because of his failure to give to the judge of probate a bond to pay costs occasioned by the appeal.

These proceedings were instituted as a court of inquiry before the judge of probate, by the selectmen of the town of Coventry, under the provisions of P. S. 3716 and 3718 as amended by No. 119, Acts of 1910, pertaining to insane state paupers.  Previous to the enactment of No. 92, Acts of 1908, there was no law giving the right of appeal to the alleged insane person in such proceedings.  But by section 1, of that Act, the State or any other party in interest may appeal from the finding, decision, or decree of the judge of probate sitting as such court of inquiry.  The right of appeal there given is unqualified.  By the last sentence of that section, "Said appeal shall lie to the county court and proceedings therein shall be had as provided in chapter 142 of the Public Statutes, except that no bond or security for costs shall be required in case of an appeal by the State."

It is argued that the words "proceedings therein" have reference to the taking of the appeal and that the law governing it is found in the chapter of the statutes named, by which (section 2978) before an appeal is allowed the person appealing shall give a satisfactory bond to the court for costs, etc.  It is further said that this impliedly appears in the statute of 1908, giving the right of appeal, the State, when appealing, being therein expressly exempted from such requirement.  Granting that the words "proceedings therein" do have reference to the taking of the appeal, it does not follow that the general provisions of section 2978, pertaining to appeals from the probate court, are applicable in proceedings under sections 3716 and 3718; for by section 3720 the costs and expenses of the examination and removal of an insane person as provided in chapter 165 of the

Public Statutes, under the provisions of which these proceedings are had, shall be paid by the town instituting the inquiry. The law of this section applies as well after an appeal is had as before. Since this statute, exclusively relating to such proceedings, thus unqualifiedly places the costs and expenses upon the town, it will prevail over the contrary general statute making the giving of a bond for costs, etc., a peremptory requirement to the allowance of appeals from the probate court. *State* v. *Stanley,* 82 Vt. 37, 71 Atl. 817; *Deneen* v. *Unverzagt,* 225 Ill. 378, 80 N. E. 321, 8 Ann. Cas. 396. It follows that no costs or expenses can by law be adjudged against the alleged insane person in proceedings of this kind, and consequently that no bond or security therefor can be required of him as essential to the exercise of his right of appeal. To dismiss the appeal was error.

*Judgment reversed and cause remanded.*