LAURA MORSE BAYLEY *v.* ERWIN M. HARVEY,
COMMISSIONER OF TAXES.

October Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed November 6, 1940.

*George L. Hunt* and *George S. Fuller* for the plaintiff.

*Lawrence C. Jones,* Attorney General, and *Erwin M. Harvey, pro se,* for the Commissioner of Taxes.

STURTEVANT, J.  This is a petition by the plaintiff under and pursuant to the provisions of section 909 of the Public Laws for a review of an order of the commissioner of taxes dated February 19, 1940, denying the plaintiff's applications for refund of income taxes claimed to have been illegally assessed against her for the years 1933 to 1938, both inclusive.  It was heard at the March Term, 1940, of Washington County Court on an agreed statement of facts and statement of claims.  The county court entered a *pro forma* judgment sustaining the order of the commissioner and the case is here upon the plaintiff's exceptions.

A part of the plaintiff's income for each year with which we are concerned consisted of her distributive share of the income of a trust or trusts.  The only kind or class of income received by the trust or trusts here in question was income from stocks, bonds and other interest bearing securities.

The plaintiff's exceptions present but one question for review, viz: Is the distributive share of said trust or trusts which the

plaintiff received during the years 1933 to 1938, both inclusive, taxable to her at 2% under the provisions of P. L. 873, I, or should this income be taxed to her at the rate of 4% in accordance with the provisions of P. L. 873, II?

The question raised requires an examination of certain sections of P. L. chapter 39, relating to the Vermont income tax law, viz:

■ "Sec. 873. Rate; exemptions; amount. A tax is hereby imposed upon every resident of the state, which tax shall be levied, collected and paid annually, with respect to:

"I. His net income as herein defined, after deducting the exemptions provided in this chapter, at the rate of two per cent; and

"II. To the income received by him on account of the ownership or use of or interest in any stock, bond, note, agreement or other interest bearing security at the rate of four per cent; * * *"

From the foregoing it appears that the tax rate on the taxable portion of a taxpayer's "net income" is two per cent.

■ P. L. sec. 872, VII, defines "net income" as follows: " 'Net income' means the gross income of a taxpayer less the deductions allowed by this chapter."

P. L. sec. 878 sets out deductions allowed in computing "net income".

P. L. "sec. 875. Gross income defined; exemptions. I. The words 'gross income' include gains, profits and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce and net rentals from real and personal property. * * *."

P. L. sec. 876, IV, states: "Every individual taxable under this chapter, who is a beneficiary of an estate or trust, shall include in his gross income the distributive share of the net income of the estate or trust and the income from stocks, bonds, notes, agreements or other interest bearing securities held by such estate or trust, received by him or distributable to him during the income year and upon which the fiduciary has not paid a tax under section 874, 1 (a). * * *."

■ Under the provisions of the statute last above quoted the plaintiff was required to include in her "gross income" her

receipts here in question. This statute is clear and positive in this respect. From other provisions of P. L. chapter 39 hereinbefore set out it follows that after taking out the deductions allowed, what remained was "net income" and, according to the provisions of P. L. 873, I, this, less the legal exemptions, was taxable at two per cent.

However the commissioner contends that P. L. 873, II, controls here and that, therefore, this income was taxable at four per cent. This requires a consideration of the two sections, P. L. 873, II, and P. L. 876, IV, and their relation to each other.

The former is broad enough to include all income of a taxpayer, "received by him on account of the ownership or use of or interest in any stock, bond, note, agreement or other interest bearing security." That is, this section is general in scope. The latter, in so far as material here, provides that a taxpayer "who is a beneficiary of an estate or trust," shall include in his gross income, "* * * the income from stocks, bonds, notes, agreements or other interest bearing securities held by such estate or trust, received by him or distributable to him during the income year and upon which the fiduciary has not paid a tax under section 874, I (a)." This section is special in its terms. It applies only when the taxpayer is a beneficiary of an estate or trust and as such entitled to income as therein described.

When two statutes deal with the same subject matter and one is general and the other is special, the latter must ordinarily be given effect according to its terms. *State* v. *Stanley*, 82 Vt. 37, 39, 71 Atl. 817. These statutes were enacted at the same time and as parts of the same act, by the legislature of 1931. Since one is general and the other special, it is our duty to read them together and harmonize them if possible with a view to giving effect to a consistent legislative policy, and to the extent of any repugnancy between them the special will prevail. *Belfore* v. *Vermont State Highway Department,* 108 Vt. 396, 400, 187 Atl. 797; *In Re James,* 99 Vt. 265, 272, 132 Atl. 40; *Stearns* v. *Graham,* 85 Vt. 486, 487, 82 Atl. 835; *State* v. *Stanley, supra,* at 39. Also see *Grand Lodge of Vermont F. and A. M.* v. *City of Burlington,* 104 Vt. 515, 520, 162 Atl. 368. Since we are considering taxing statutes the construction must be strict and doubts, if any, are to be resolved against the taxing power and in favor of the taxpayer. *First National Bank of*

*Boston, Trustee* v. *Erwin M. Harvey, Commissioner of Taxes, ante,* 281, 16 Atl. 2d. 184; *Helvering* v. *Stockholms Enskilda Bank,* 293 U. S. 84, 55 Sup. Ct. 50, 79 L. Ed. 211; *In re Fulham's Estate,* 96 Vt. 308, 314, 119 Atl. 433; *Central Vermont Railway, Inc.* v. *Campbell,* 108 Vt. 510, 524, 192 Atl. 197, 111 A. L. R. 175; 61 Corpus Juris 168, para. *re* ''Strict construction.''

From the foregoing it follows that the special statute, P. L. 876, IV, took the plaintiff's income here in question out of the provisions of the general statute, P. L. 873, II, and placed the same for income tax purposes under the provisions of P. L. 873, I. This income was, therefore, taxable at two per cent instead of at the higher rate.

*Judgment reversed. Judgment that the tax commissioner refund to the plaintiff the several sums which she has paid as taxes and which were illegally assessed against her for the years 1933 to 1938, both inclusive, together with interest at six per cent per annum on such overpayments from the dates when same were paid to the time of refund. The dates and amounts of said several overpayments are each and all in accordance with the agreed statement of facts.*

*Let the plaintiff recover her costs.*