## Franklin Becker v. Selectmen of the Town of Bennington

[178 A.2d 399]

January Term, 1962

Present: Hulburd, C. J., Shangraw, Barney and Smith, JJ.

Opinion Filed February 23, 1962

*Jones, Ehrich & Dollard (John H. Williams II and R. Marshall Witten,* of counsel) for the petitioner.

*Norton Barber* for the petitionees.

**Shangraw, J.** This is a petition for a declaratory judgment brought pursuant to the provisions of 12 V.S.A. §4712. The purpose of the action is to determine the legality of a consolidation of two road districts as voted at the Bennington town meeting held in March of 1961, and also whether the plaintiff, Franklin Becker, was duly elected as a road commissioner of the town at that meeting for District No. 1.

The parties submitted the case upon an agreed stipulation of facts, pursuant to which the Bennington County Court made findings. An order was issued by the court sustaining the legality of the consolidation as voted, and it provided that the plaintiff was not duly elected as a road commissioner for the town. The plaintiff brings this appeal from that order. The issue presented is rooted in laws enacted by the 1902 session of the General Assembly.

Special Act. No. 294, approved December 9, 1902 and relating only to the town of Bennington, provides in part as follows:

"Section 1. The town of Bennington is hereby empowered to elect two road commissioners at its annual meeting, who shall be elected by ballot, one from each of the highway districts of the town of Bennington referred to below, . . .

"Section 2. George H. Elwell, former road commissioner, and Charles L. Jewett, present road commissioner, are hereby appointed a committee to divide the roads of the town of Bennington outside of the incorporated villages, into two districts, as nearly equal as possible. If the above committee shall be unable to agree on the division of the district, they shall appoint a third member of the committee from the voters of the town, who is not a voter in an incorporated village of the town who shall have equal powers with them in making such division. . . .

"Section 3. No one who is a voter in an incorporated village

of the town of Bennington shall be eligible to vote for nomination or election of road commissioners under this act."

Act No. 55, amending sections 2980 and 2981 of the Vermont Statutes, was passed at the 1902 session of the General Assembly and approved December 11, 1902. This general enabling act, among other things, provided for the election of town officers including road commissioners, and the division of a town into districts. This act, of course, was not limited to any specific town but applied to all towns in the state. This statute provided in part as follows:

"Section 1. . . . At the annual meetings towns shall choose among the inhabitants thereof the following town officers, . . . one or two road commissioners who shall be elected by ballot; . . .

"Section 2. When two road commissioners are so elected the selectmen of the town shall as soon as possible divide the town into two highway districts, . . . , such division not to be changed except by vote of the town at its annual meeting."

This general act has continued in effect without significant change. Section 1 thereof is now found in 24 V.S.A. §711,(5), and section 2 in 19 V.S.A. §131.

The same session of the General Assembly passed Act. No. 63, approved November 21, 1902. This statute provided that voters of an incorporated village within a town could not vote in town meetings for the road commissioners of the town unless at least fifteen percent of the last highway tax of the incorporated village shall have been paid over to the town treasurer to be expended upon the highways of the town outside of the village corporation. This provision is now contained in 24 V.S.A. §701. At all times material the town of Bennington included three separate incorporated villages.

At its annual March meeting in 1903 the town of Bennington voted to elect two road commissioners pursuant to the special act, No. 294, *supra*. Two road districts were then created by the committee appointed for that purpose under the act. The division of the town into two road districts continued unchanged until the annual meeting in March of 1961. Article 17 of the warning for that meeting reads:

"To determine by ballot whether the town will change the two highway districts into which the town is presently divided by combining them in one district and whether the town will vote to

elect one road commissioner only. (If this article is voted yes, a special election for town road commissioner will be held.)"

Article 17 was carried by a vote of 1674 to 891. Various town officials, through the local newspapers and otherwise, explained before the annual meeting that if Article 17 was carried the vote for road commissioner would be of no effect and a special election would be held later to elect one road commissioner. This matter was also discussed and similarly explained at the 1961 March town meeting before any vote was taken.

At the annual meeting in March 1961 the plaintiff was the successful candidate for road commissioner, district No. 1. The passage of Article 17 eliminated the office to which he had been elected. Plaintiff therefore contends that the consolidation of road districts as voted was illegal and claims the right to serve as road commissioner for district No. 1.

Following the annual meeting of March 1961 a special meeting for the election of a town road commissioner was held on April 11, 1961. This meeting was duly warned and at the meeting James Cross was elected. Between the annual town meeting of the same year and the special meeting Mr. Cross had been acting as road commissioner by appointment of the board of selectmen.

The balloting for the road commissioner candidates was confined to those living outside the three villages since no village in the town had, for the past several years, paid over any part of its highway tax for use on the highways outside the village as provided in 24 V.S.A. §701. The balloting on Article 17 was not so confined and all qualified voters of the town from whatever area they came were permitted to vote.

To crystallize the issue, the question presented is whether or not the town of Bennington, having established two road districts pursuant to Act No. 294, which made no provision for subsequent changes in such districts, may now avail itself of the general statute, 19 V.S.A. §131, by voting a consolidation of the two highway districts.

The special act, No. 294 provides for a division of the town into two road districts but contains no provision for a subsequent change of the districts. 19 V.S.A. §131 provides that when such division has been made no change in the division shall be made "except by vote of the town at its annual meeting." Thus, there appears an absence

of any provision in the special act relative to a change or consolidation of road districts which, however, is provided for in 19 V.S.A. §131.

In accordance with §3 of No. 294 the balloting in favor of James Cross as road commissioner was confined to voters living outside the incorporated villages of Bennington. Following 19 V.S.A. §131 all legal voters of the town living within and outside the villages were permitted to vote on the change or consolidation of the road districts.

The appellant urges that the general statutes cannot be invoked to effect a consolidation of the road districts, and that a further special act of the legislature is necessary to accomplish this result. Appellant further claims that there exists a repugnancy between the special act and the general statutes as pertains to the subject matter under consideration. This argument lacks substance and must be rejected. What we have here is silence in the special act as to the procedure to be followed in voting a consolidation of the district, which is provided for in a general statute, 19 V.S.A. §131. The general statutory law supplies what is missing in the special act.

When two statutes deal with the same subject matter and one is general and the other is special, they must be read together and harmonized if possible to give effect to a consistent legislative policy. *Bayley v. Harvey*, 111 Vt. 339, 342, 16 A.2d 192. To the extent of any necessary repugnancy between a general and special statute, the latter must ordinarily prevail. *Bayley v. Harvey, supra*, 342; *Town of Bennington v. Vail*, 117 Vt. 395, 92 A.2d 467. No such situation exists here. The general statute supplements what is lacking in the special statute. *Wintersteen v. National Cooperage & Woodenware Co.*, 361 Ill. 95, 197 N.E. 578.

We have here a situation somewhat similar to that which existed in the case of *Whiting Co. v. City of Burlington*, 106 Vt. 446, 463-465, 175 Atl. 35. In that case the city charter and act relating to the issuance of municipal improvement bonds was silent as to the required vote on such a bonding issue. The general law required a two thirds vote, and, the court held that the general law governed in the absence of specific provisions defining the required vote on this subject.

*Judgment affirmed.*