## In Re Crescent Beach Association, Inc.

[215 A.2d 502]

October Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J.J.**

Opinion Filed December 7, 1965

*Francis R. Peisch* for opposing property owners.

*Latham & Eastman* for association.

**Smith, J.** The Crescent Beach Association, Inc., made application to the Burlington Zoning Board on June 16, 1964 for a variance respecting certain beach property. The application was opposed by certain property owners in the vicinity of the beach property and the application was rejected by the Burlington Zoning Board of Adjustment.

On July 24, 1964, the same applicant filed another application with the Zoning Board, which application contained certain restrictions on the use of the property not appearing in the first application. Such second application was granted by the Zoning Board on August 4, 1964. A notice of appeal from this decision was filed in the Chittenden County Court on August 28, 1964 by the opposing property owners. Such notice of appeal was filed under the provisions of 12 V.S.A. § 2382 in the Chittenden County Court.

The appellees filed a written motion to dismiss the appeal taken by the appellants on the ground that any appeal taken to the Chittenden County Court by the appellants had to be taken under the provisions of 24 V.S.A. § 3022.

The appellants moved that the court rule as a matter of law that the Board of Adjustment of the City of Burlington had no jurisdiction to grant a variance to the appellees on the ground that the Board of Adjustment failed to find that the second application of the Crescent Beach Assoc. Inc., was a new application and that therefore, the Board of Zoning Adjustment was without jurisdiction to act.

The Chittenden County Court denied the respective motions of appellees and appellants and permission was granted to appeal each of the respective rulings here under the provisions of 12 V.S.A. § 2386.

The first question presented here by this appeal is whether the County Court had jurisdiction to hear an appeal from the Zoning Board of Adjustment which was not filed in the form required or perfected in the manner prescribed by 24 V.S.A. § 3022.

"Sec. 3022 — Appeal. A person aggrieved by a decision of the board of adjustment, or a decision of the legislative body of such municipality in regard to its plan of zoning, or a taxpayer, or an officer, department, board or bureau of the municipality, may apply to the county court, within thirty days after the action complained of has been recorded, by a sworn petition, setting forth that such decision is illegal or unreasonable, in whole or in part, specifying the grounds upon which the same is claimed to be illegal or unreasonable."

Undisputed here is that the appellant property owners did not file a sworn petition "setting forth that such decision is illegal or unreasonable, in whole or in part," nor were the grounds specified in the appeal to the county court upon which decision of the Board of Zoning Adjustment was "claimed to be illegal or unreasonable."

It is the contention of the appellant property owners that the general appeal statute, 12 V.S.A. § 2382 (No. 261 of the Public Acts of 1959) made it unnecessary for them to comply with the provisions of 24 V.S.A. § 3022.

12 V.S.A. § 2382 reads as follows:

"In any action or proceeding, civil or criminal, appealable from any court, (except a justice court), commission, board, agency or department of the state or any political subdivision thereof, appeal may be taken by the filing of a notice of appeal as hereinafter set forth with the clerk or register of the tribunal appealed from or the commissioner, as the case may be. Bills of exceptions are hereby abolished. The notice of appeal shall specify the parties taking the appeal, shall designate the judgment, order or proceeding appealed from, shall name the court to which the appeal is taken and may be signed by the party appealing or his attorney(s). The filing of the notice of appeal permits either or any of the parties in the case to proceed on appeal. In appeals from probate court, applications for appeal bonds, furnishing security for costs and filing of a complaint or objections in county court are also hereby abolished. In cases where appeals are allowed only by permission of a court, commission or board, an appeal may be taken only upon such permission."

We are confronted here with two statutes dealing with the same subject matter. One, 12 V. S. A. § 2382, being a general statute on the taking of appeals, and the other, 24 V. S. A. § 3022 relating specifically to the taking of appeals on zoning matters to the county court.

"When two statutes deal with the same subject matter and one is general and the other is special, the later must ordinarily be given effect, according to its terms." *Bayley* v. *Harvey*, 111 Vt. 339, 342; 16 A.2d 192 *State* v. *Stanley*, 82 Vt. 37, 39, 71 Atl. 817.

In considering two statutes dealing with the same subject matter, where one is general and the other is special, we must read them together and harmonize them, if possible, to give effect to a consistent legislative policy. However, to the extent of any necessary repugnancy, including a general and special statute, the latter must ordinarily prevail. *Becker* v. *Selectmen of the Town of Bennington*, 123 Vt. 6, 10, 178 A.2d 399.

Both statutes here under consideration provide the same time limit for the taking of appeal but while the general statute requires that the

notice of appeal to the higher court need designate only the judgment order or proceeding appealed from, and shall name the court to which the appeal is taken, the special statute (24 V.S.A. § 3022) provides additional requirements to enable the county court to properly review the action by the zoning board. Not only must the appellants set forth that the decision appealed from is illegal or unreasonable in whole or in part, but of considerably more importance, they must specify the grounds upon which their claim of illegality or unreasonableness is based.

■ The evident legislative purpose of this provision is to inform the county court of the exact issue with which it is presented on the appeal, as well as to give similar notice to the opposing party. The effect is to limit the county court in proceeding on zoning matters only to grounds specifically predicated with the appeal rather than to give the county court the overall de novo jurisdiction which it has over matters on appeal from the probate court. The legislative intent under 24 V.S.A. § 3022 is to require an act not made necessary by the general statute on appeals, 12 V.S.A. § 2382, in the special matter of zoning appeals.

■ The purpose of 24 V.S.A. § 3022 is to furnish the county court a bill of complaint as in an ordinary action of law. While the appeal filed with the county court by the appellants gave the county court jurisdiction of the parties in the case, it failed to inform the county court of the grounds upon which the decision of the Board of Adjustment was granted to be illegal or unreasonable.

"As a rule, errors or defects in the citation or other process, or in the return thereof which are not imputable to appellant or plaintiff in error, or which are not prejudicial are not cause for dismissal of the appeal or writ, but upon proper and timely application to the court amendments will be allowed or a new or alias citation or other process granted." *Appeal of Raoul Maurice*, 117 Vt. 264, 268, 90 A.2d 440.

The appellants, therefore, could have complied with the provisions of 24 V.S.A. § 3022 upon application to the county court to so amend their appeal. The record before us discloses that the county court did not grant the motion of the Crescent Beach Association, Inc. to dismiss the appeal. We, therefore, remand the cause to the Chittenden County Court to afford the appellants an opportunity to perfect their appeal, if they so wish, and so present in an ordinary fashion the questions sought to be raised in connection with the action of the Zoning Board.

*Judgment denying the motion to dismiss affirmed and cause remanded for further proceedings, in accordance with the views expressed in this opinion.*