CITY OF ATLANTIC CITY AND JAMES W. PETERSON, SU-PERINTENDENT OF BUILDINGS OF THE CITY OF ATLANTIC CITY, COMPLAINANTS-PROSECUTORS, v. ROSE LeBECK ET AL., RESPONDENTS.

Argued March 2, 1940—Decided March 12, 1940.

Before Justice PORTER, at chambers.

For the prosecutor, *Samuel Backer and Thompson & Hanstein (John Lloyd, Jr.,* of counsel).

For the respondent, *Emerson L. Richards.*

PORTER, J. The writ of *certiorari* brings up for review proceedings in the Common Pleas Court of Atlantic county reversing a judgment of the Recorder's Court of Atlantic City.

Respondent Rose LeBeck was charged by the superintendent of buildings, Mr. Peterson, with maintaining a boarding and rooming house in violation of the zoning ordinance. She was found guilty after a hearing by the recorder who imposed a fine of $200 or in default thereof that she be committed to the county jail for thirty days.

An appeal was taken from this judgment to the Common Pleas Court where after hearing, Judge Corio under date of March 29th, 1939, reversed the judgment and filed a written memorandum reviewing the testimony and the law and gave reasons for his conclusions.

The prosecutor argues several points in support of its contention that the action of the Common Pleas Court should be reversed. First—that the court was without jurisdiction to issue a writ of *certiorari*. We think the court did have jurisdiction to review the proceedings not by *certiorari* but by an appeal under *R. S.* 2:81-13. This statute provides for review of municipal court proceedings, &c., by the Supreme Court by writ of *certiorari* or by appeal to the Pleas. The latter course was taken. While it is true that the papers in the case are entitled in *certiorari* still there was no such writ issued by the Pleas. If treated as an appeal, which we conclude that actually it was, the court had power and jurisdiction to review under the statute in question.

It is next argued under point 2 that the Pleas had lost jurisdiction because the appeal was not taken within thirty days after the entry of judgment as required by the statute. While it is true that the recorder found the respondent guilty on September 9th, 1938, she was not in fact in court for sentence until December 20th, 1938. This being a criminal offense the presence of the defendant was essential for the proper entry of judgment of conviction and the imposition of sentence. The appeal was taken within thirty days of that time.

The third point is that this being a *certiorari* proceeding the procedure was fatally defective because no reasons for reversal or assignments of error nor proper notice of hearing were filed or given. Having concluded that the proceedings were not in *certiorari* but on appeal as already stated it follows that the proceedings were not defective as alleged. Moreover, the respondent says that notice of hearing was given and also that reasons were in fact filed.

The fourth point is that the judge of the Pleas was in error in reversing on the ground that the complaint made by Mr. Peterson was improper because based on hearsay and not

on any personal knowledge. By the ordinance the building superintendent is the officer charged with the duty of enforcing it. He had no power to delegate his authority. He made a complaint under oath charging the respondent with violating the ordinance to his own knowledge. It appears from his testimony that he had no such knowledge. When this fact was developed a motion was made to dismiss which was erroneously denied. We find no error here.

Point 5 is that the Pleas erred in reversing on the ground that respondent was entitled to use the property as complained of because it was so used before the passage of the ordinance and so was a non-conforming use. The only testimony on that point is that given by the respondent who though she denies the truth of the charge made she also testified that the property is used now as it was before the passage of the ordinance. If that be so and her testimony seems uncontradicted then of course the ordinance was ineffective as to the respondent's use of the property.

Finally it is argued that the reversal was contrary to the law and evidence. A careful review of the record does not so convince us.

We conclude that the court was not in error in reversing the judgment of conviction. The writ is dismissed, with costs.