CITY OF ATLANTIC CITY AND JAMES W. PETERSON, SUPERINTENDENT OF BUILDINGS OF THE CITY OF ATLANTC CITY, APPELLANTS, v. ROSE LeBECK ET AL., RESPONDENTS.

Argued May 24, 1940—Decided October 10, 1940.

For the appellants, *Samuel Backer* and *Thompson & Lloyd* (*John Lloyd, Jr.*).

For the respondent Rose LeBeck, *Emerson Richards.*

The opinion of the court was delivered by

BODINE, J. The appeal is from a judgment in *certiorari* affirming the Atlantic County Court of Common Pleas in reversing a judgment of the Recorder's Court of Atlantic City convicting the respondent of a violation of a zoning ordinance

in that she was alleged to have operated a boarding house in a restricted zone. If she did, the Supreme Court found that the property had been so operated long before the enactment of the zoning ordinance. If there was a right to a non-conforming use the conviction was improper.

The Court of Common Pleas instead of making an order for review allowed what appeared to be a writ of *certiorari*. Of course, the prerogative writs of the Supreme Court may not be exercised by other tribunals. *Green* v. *Heritage,* 64 *N. J. L.* 567; *East Orange* v. *Hussey,* 70 *Id.* 244. But the statute (*N. J. S. A.* 2:81-13) does confer upon the Court of Common Pleas the right to require a judgment to be certified to it for review within thirty days after the rendition in any city court within the county.

The Supreme Court properly regarded the proceedings as before the Court of Common Pleas for review. The entering of the order was an error of form and not of substance. The practice, however, should not be countenanced since confusion of terms is not desirable in legal procedure.

On September 9th, 1938, the defendant was found guilty but sentence was not imposed until December 20th, 1938, when the court made the following entry of the occurrence in its docket: "Def. appeared Dec. 20th, 1938, and was adjudged guilty and sentenced to pay a fine of $200 or be committed to County Jail for a period of 30 days." This was the final judgment which could be reviewed under the statute within thirty days. There was no effective action by the court declaring the consequences of the finding to the accused until sentence was imposed. *Stewart* v. *Stewart,* 93 *N. J. Eq.* 1.

Blackstone says, Book 4, p. 375, "For when, upon a capital charge, the jury have brought in their verdict guilty, in the presence of the prisoner, he is either immediately, or at a convenient time, soon after, asked by the court if he has anything to offer why judgment should not be awarded against him." Of course, it is common practice in criminal cases to withhold writ of error until sentence has been imposed; otherwise, there is no judgment. *Stokes* v. *Schlacter,* 66 *N. J. L.* 247.

The proceedings in the Court of Common Pleas were a review under the statute and, of course, did not follow the practice on *certiorari*.

We see nothing in the record to indicate that the Court of Common Pleas offended the prevailing practice in reversing the judgment of the Recorder's Court.

Before the adoption of the ordinance friends and relatives came to the house and shared expenses. The charge upon which the complaint was made was in using the premises for roomers and boarders. Webster's New International Dictionary defines a roomer as "A lodger: one who rents a room or rooms in a house." A boarder, "One who boards at a boarding house, or school." Friends and relatives are no less boarders than transients; in fact, the custom in small establishments is to limit guests to friends and acquaintances.

The statute (*N. J. S. A.* 2:81-13) authorizes the Court of Common Pleas to review the judgment and all proceedings in the case and set the same aside if found to be illegal. What is the judicial process? Mr. Justice Reed, in reviewing a conviction for violation of a city ordinance had before a justice of the peace, said that he thought the justice upon the evidence could have found as he did. *Sparks* v. *Stokes,* 40 *N. J. L.* 487. Hence, the judgment was affirmed.

In reviewing a conviction, the Supreme Court will not weigh the evidence for the purpose of reaching an independent result, but will consider whether it forms a rational basis for the judgment. *Kerr* v. *Atlantic City,* 108 *N. J. L.* 219; *Eilenberg* v. *Taggart,* 119 *Id.* 61; *Dallas* v. *Atlantic City,* 120 *Id.* 314.

In this case, the proofs before the recorder show a non-conforming use of the premises; at least the Court of Common Pleas must have so found. No weighing of evidence was necessary since the proofs show the same use of the premises as before the passage of the zoning ordinance.

The ordinance of Atlantic City requires enforcement on the complaint of the superintendent of buildings. The complaint in the present case was made by such officer upon evidence procured by detectives employed by the Chelsea-Property Owners' Protective Association. But the Supreme

Court and the Court of Common Pleas felt this course erroneous. Such finding, however, was not essential to the decision of the case. It may well be that an officer charged with the enforcement of law may proceed on evidence which he deems sufficient. At all events, such practice has been followed in many instances.

The judgment is affirmed.

*For affirmance*—PARKER, BODINE, DONGES, HEHER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 9.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, JJ. 3.