40 N.J. Super. 34 (1956)
122 A.2d 15
RALPH R. MORRIS, ET AL., PLAINTIFFS,
v.
TOWNSHIP OF ELK, IN THE COUNTY OF GLOUCESTER AND STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 7, 1956.
*35 Mr. David Novack, attorney for plaintiffs.
Mr. Joseph Mennite, attorney for defendant.
CAFIERO, J.S.C.
This is an action in lieu of prerogative writs to review the legality and reasonableness of an ordinance regulating the parking and location of automobile trailers and regulating the licensing, location, erection, maintenance and conduct of automobile trailer camps and providing a penalty for the violation thereof, in the Township of Elk in so far as it affects the plaintiffs.
Plaintiff James O. Keane is the owner of a vacant lot having a curtilage of 50' by 100' which he has leased to plaintiff Ralph R. Morris, who has parked thereon a self-contained house trailer owned and occupied by him and his family.
Defendant contends that the placing of a single trailer on any property in the township constitutes the lot a trailer camp and subjects the owner thereof to the provisions of the ordinance.
It is evident that the Township of Elk is seeking to regulate the use of trailers as dwellings within its boundaries.
*36 By dissecting the ordinance, it appears that it may be divided into two distinct regulatory measures.
I. It purports to regulate the parking and location of automobile trailers, which it defines as "a vehicle or structure so designed and constructed in such manner as will permit occupancy thereof as sleeping quarters for one or more persons, * * *" and by Section 3(a) declares it "unlawful, within the limits of the Township of Elk, for any person to park any trailer on any street, alley, or highway, or other public places, or on any tract of land owned by any person, occupied or unoccupied, within the Township of Elk, except as provided in this ordinance." That is, Section 3(c)(a), "A trailer shall not be parked or occupied on any lot situate outside of an approved trailer camp if the same is to be used as living quarters." Section 4: "If the wheels are removed from any trailer and it is attached to the land in any permanent or semi-permanent manner, a permit must be obtained from the building inspector and all the requirements of the building, land subdivision, plumbing, sanitary, health, zoning and electrical ordinances must be complied with."
II. It also purports to regulate and license, location, erection, maintenance and conduct of automobile trailer camps and provide a penalty for the violation thereof. A "trailer camp" is defined as "any park, trailer park, trailer court, court, camp, site, lot, parcel, or tract of land designed, maintained or intended for the purpose of supplying a location or accommodations for any trailer coach or trailer coaches and upon which any trailer coach or trailer coaches are parked. * * *" The ordinance then proceeds to declare it "unlawful for any person to establish, operate or maintain, or permit to be established, operated or maintained upon any property owned or controlled by him, a trailer camp * * * without having first secured a license therefor." It sets forth the method of applying for a license, the application requirements, the fees to be charged for a license, both an annual and a use fee for each unit, declaring the same to be necessary for revenue purposes as well as *37 for "inspection, supervision, public health, fire, police protection and similar governmental functions, and for the additional cost to the Township of furnishing and maintaining educational facilities for children of the occupants of the trailers." It sets up the specifications for the camp plan, the water supply, service buildings and accessory accommodations, waste and garbage disposal and management. It provides for inspection and enforcement of the ordinance, revocation and suspension of a license and public hearing for any grievance on the granting, denial, renewal or revocation of a license, as well as the penalty for the violation thereof.
Thus, by applying the provisions of the ordinance to the circumstances of this case, there are two issues raised.
1. May a municipality prohibit the use of a trailer as a dwelling when the same is located on a privately owned lot unless its wheels are removed and it is made a permanent or semi-permanent structure attached to the land and subject to the provisions of sundry other building, sanitation, and zoning ordinances; or unless it is parked in a trailer camp?
2. May a municipality declare that the placing of a single trailer on a privately owned lot constitutes the premises a camp site subject to regulation and license?
The questions will be considered in reverse order.
In the pretrial order defendant alleged that it had the power and authority to enact the ordinance under N.J.S.A. 40:52-1 (d):
"The governing body may make, amend, repeal and enforce ordinances to license and regulate:

* * * * * * * *
d. Hotels, boarding houses, lodging and rooming houses, trailer camps and camp sites, and all other places and buildings used for sleeping and lodging purposes, restaurants and all other eating places, and the keepers thereof * * *."
and R.S. 40:52-2:
"The governing body may fix the fees for all such licenses which may be imposed for revenue, and may prohibit all unlicensed persons *38 and places and vehicles, businesses and occupations from acting, being used, conducted or carried on; impose penalties for violation of ordinances providing for licenses, and revoke any license for sufficient cause and after notice and hearing."
It is not disputed that this statute is the source from which defendant derives its power to regulate trailer camps and camp sites. But does the placing of one trailer on a vacant lot of land constitute a camp site? Defendant argues in the affirmative and further argues that its ordinance "does not attempt to regulate any business, but only to regulate a `trailer camp,' i.e., the placing or situating in Elk Township of an occupied trailer coach on a piece of land sufficient to accommodate it which thus creates a `trailer camp.'"
Said the court in Salomon v. Jersey City, 12 N.J. 379, 390 (1952):
"* * * we consider that the primary and overriding purpose of the Legislature in enacting R.S. 40:52-1, N.J.S.A. and R.S. 40:52-2, N.J.S.A., was to authorize municipalities to license and regulate, as police measures for the public health, safety, morals or welfare, the local businesses described therein, and only incidentally to impose on the businesses thus licensed and regulated license fees for revenue which may, at least within reasonable limits, exceed the regulatory costs."
See also Weiner v. Borough of Stratford, 15 N.J. 295 (1954).
"This act provides purely and plainly for the regulation and licensing of businesses * * * where regulation is a necessity in order to protect and promote the health, safety, morals and general welfare of the community."
Devine v. Mantua Township, Gloucester County, 28 N.J. Super. 299 (Law Div. 1953). Thus, we find that the municipality can only regulate and license trailer camps by regulating and licensing the "business" of trailer camps, and a business being a commercial enterprise for profit, the position of the defendant that the placing of one trailer upon land owned or leased by the occupant is untenable. The mere placing of one trailer or 20 trailers upon a land area does *39 not constitute a trailer park or camp site. It is the conduct of the business which the municipality has the right to regulate and to license, and not the placing of a trailer which is determinative of the question. A municipality does not have the authority to place a citizen in the business of operating and maintaining of a trailer camp when he is but the owner and occupier of a trailer, and the individual trailer owner does not fall within any one of the categories listed in N.J.S.A. 40:52-1.
Insofar as that part of the ordinance under review which seeks to regulate campsites and trailer camps applies to the plaintiffs' situation, it is unconstitutional, arbitrary, unreasonable and invalid and the plaintiffs will not be required to comply therewith.
It is unnecessary to consider the first question raised at this time because the attempt to regulate under the guise of licensing as provided in the ordinance under review is ultra vires and illegal. Devine v. Mantua Township, Gloucester County, supra. By the ordinance it is sought to prohibit the owner of a trailer from parking or placing the same upon his own land for the purpose of occupancy. Plainly, prohibition, as distinguished from regulation, is not contemplated by the statute. Restraints and regulations imposed for the general good and welfare must be reasonable and should not, in the name of the police power, be an unreasonable curtailment of personal or property rights. The ordinance insofar as it attempts to regulate and license an individual trailer parked on privately owned land, occupied by its owner is void.
Judgment for the plaintiffs without costs. Submit order.