### In Re Jed Willey

[140 A2d 11]

January Term, 1958.

Opinion Filed March 5, 1958.

*W. Edson Mc Kee* for the defendant.

*Joseph W. Foti (Charles J. Adams,* of Counsel) for the plaintiff.

**Smith, Supr. J.**   The case is here on the exceptions of the petitionee to the Washington County Court's failure to affirm the decision of the Board of Adjustment of the city of Montpelier.

The question submitted to this court is whether a house trailer, attached to the land, is a single family house under the Zoning Ordinance of the city of Montpelier.   The appellant to this court, Jed Willey, appeals from the decree of the Washington County Court overruling the ruling of the Board of Adjustment of Montpelier which held that his house trailer was a single family house under the Montpelier Zoning Ordinance.

A proper consideration of the question here presented requires a brief review of the pertinent provisions of the Montpelier Zoning Ordinance.   The ordinance, enacted under the provisions of V. S. 47, of the permissive type, sets forth in detail the kinds of buildings or structures that can be erected, constructed, altered, enlarged, reconstructed or used in each of the

three zones into which the ordinance divides the city of Montpelier. The ordinance forbids the use of land for any purpose except the various specified uses in each particular zone.

The three zones, as set forth in the Montpelier Zoning Ordinance, are Residence Zone, (Section 3), Business Zone, (Section 4) and Industrial Zone (Section 5). The permit granted to Jed Willey was to locate his house trailer in the Residential Zone of Montpelier so it is only as to the permissive uses of the land allowed under the ordinance, in that particular zone, that we must examine. Because the findings of fact state that the Board of Adjustment ruled that Mr. Willey's trailer was a one family house under the Zoning Ordinance it is necessary for us to construe only this one section of the permitted use in the Residence Zone.

No definition of a single family house is given in the ordinance. The definition of a multi-family house as contained in Section 1, "a building used or designed as a residence of two or more families or households living independently of each other," is of no aid to us because it does not define "building" or "house" as used in the ordinance. Where no definition of a word is given in an ordinance, words must be given their commonly accepted use.

This court stated in the case of St. Albans Hospital v. City of St. Albans, 107 Vt 59, 62, 176 A 302, 303, "by the 'speech of people' the word 'house' includes every form of structure designed for human habitation", and in County of Addison v. Blackmer, 101 Vt 384, 389, 143 A 700, 702, this court held that a building "in its broadest sense may include most any kind of structure according to the connection in which it is used and the purpose sought to be effected by its use." Adding on page 390 of the same case, "the words building or structure mean the same thing."

The findings of the court, which were made upon an agreed statement of facts, and to which no exceptions were taken disclose the following material facts:

The land upon which the trailer is located is in the residential zone of the city of Montpelier and is leased by Jed Willey from a Mr. and Mrs. Hartshorn. The records of the Administrative Officer, appointed pursuant to the provisions of the

Montpelier Zoning Ordinance, indicate that Mr. Willey applied for permission to locate his trailer on the above described land on Sunset Avenue, Montpelier, on July 23, 1955. This application was approved by the Administrative Officer on the same date, and on August 2, 1955, Albert E. Slayton and E. Mae Slayton, his wife, appealed to the Board of Adjustment from the granting of the permit.

Notice of a hearing on the appeal was duly published in the Montpelier Argus and the Board of Adjustment met at the Montpelier City Hall on August 12, 1955. After ordering various amendments to the permit of Willey, which amendments were agreed to by the Slaytons, the Board of Adjustment upheld the application granted by the Administrative Officer.

The Willey trailer is of metal and wood construction, has no foundation, but is mounted on cinder blocks and 2x4 timbers. It is connected with city sewer and water lines. The interior of the Willey trailer consists of two bedrooms, living room and bath. No argument is advanced that the interior of the trailer, so arranged, does not contain at least the essential living space of many one family houses. The decision of the Board of Adjustment, certified to this court, states that the trailer was occupied by Mr. Willey and his family as their home in July, 1955 and it appears that it is still being so occupied and used.

The findings state that the trailer can be rendered mobile by disconnecting the various utility connections, removing the cinder blocks and timbers that support it, and letting down the wheels attached to the trailer. It is this feature, that is, the trailer's potential mobility, which the appellee, Mr. Slayton, relies upon to uphold the reversal of the decision of the Board of Adjustment.

It is the appellee's contention that a trailer coach of this type, by its very nature, is non-permanent with respect to the land upon which it is located. That being mobile, the granting of the permit to Mr. Willey by the Zoning Board violates the purposes for which the ordinance was enacted. And in support of his contention he calls our attention to the fact that the Listers of Montpelier have listed Mr. Willey's trailer as personal property in the Grand List.

We find no statutory provision as to the listing of such a

trailer, so situated, as personal property, and so such listing was in the discretion of the Montpelier Listers. Nor is there any provision in the Montpelier Zoning Ordinance, nor in Chapter 175, V. S. 47, Municipal Zoning, that any classification of property, real or personal, taken by listers in a town or city, shall act as a definition under zoning regulations.

The appellee has also made reference to the provisions of the Montpelier Zoning Ordinance relative to the establishment of trailer camps only in the business and industrial zones of that city. But running a trailer camp or park is a business enterprise. "Merely placing one or more trailers upon a land area does not constitute a trailer park or 'camp' site unless done as a business in a sense of being a commercial enterprise for profit." *Morris* v. *Township of Elk*, 40 NJ Super 134, 122 A2d 15, 17. There is no finding in the instant case that Mr. Willey was running a trailer camp or park for profit.

There can be no doubt that while being drawn upon a highway a trailer coach would be personal property as would any other vehicle. As such it would not be subject to the provisions of the Montpelier Zoning ordinance. Here, however, we have a trailer coach, removed from the highway, situated upon land leased by the trailer's owner, connected to the land by various utilities, used as a home by the owner and his family, and which has not been mobile during such period of use on the land. Does the trailer then, under the facts in the instant case, undergo such a transmutation as to alter it in character from personalty to realty so as to become a single family house under the terms of the Montpelier Zoning Ordinance.

In determining the question, as to when personal property becomes part of the real estate the intention of the party making the attachment and the damage involved in its removal are for consideration. *Standard Oil Co. of New York* v. *Dolgin*, 95 Vt 414, 416, 115 A 235, 17 ALR 1218.

The intent of Mr. Willey to make his trailer a single family house cannot here be in question. Indeed, it is the very reason that he is here. Such was his intention when he first made application for his permit, nor is there any finding of fact that he has since wavered in his intention.

It is common knowledge that many homes today are of the "ready-cut" variety. Small ones may be moved in a complete form to the lot upon which they are to be situated. Others are brought to a site in pre-fabricated sections which are then assembled together to make the complete structure. Presumably, they could be disassembled and moved to another location without too much difficulty or damage. But we doubt that anyone would contend that they were mobile in nature and not a house or building.

Mr. Willey's house trailer was mobile when it was brought to the lot he had leased. But the essential facts are that it was built for human habitation, has all the attributes of a dwelling, was used as such, and became fixed to the realty by various connections. The possibility of its future mobility might have been reduced by the use of a different foundation. But the question before us is not one of possible future use, but its actual use at the time the application was granted by the Board of Adjustment, and Mr. Slayton's appeal was taken.

In the case of *Corning* v. *Town of Ontario*, 204 Misc. 38, 121 NYS2d 288, 291, the facts differ from the case at hand in that in the New York case the trailer owner was appealing from having his trailer classified as a building, while in the case we are considering the trailer owner is seeking that classification. But the words of the New York court apply to both situations. "Plaintiffs claim the trailer is not a building because it is something mobile. Mobile it was when used upon the highway, but mobility ceased when it was removed from the highway, attached to the soil and used as living quarters. A metamorphosis has occurred; the mobile vehicle has become a fixed residence. When traveling upon the highway it obviously was not subject to zoning regulations, but that does not mean that it may not become subject to such regulations when occupied as a residence at a fixed location. A hydro-plane when flying through the air is not a vessel subject to admiralty jurisdiction. But when floating upon navigable waters it becomes a vessel subject to such jurisdiction * * * . House trailers when located in a camp, still resting on their wheels, with only temporary utility connections and owned by others than the owners of the land, have been held not taxable as real property * * * .

But where they are affixed to the land by means of electric wires, water pipes or wooden supports, and there is evidence that they are to be left permanently at the location, they may be assessed and taxed as part of the real property."

■ ■ The restrictions of zoning statutes and zoning ordinances authorized by statute are in derogation of the common law and should be strictly construed. When exemptions appear in favor of the property owner, the exemptions should be construed in favor of the owner. Ordinances cannot be enlarged by implication. *Toulouse v. Board of Zoning Adjustment,* 147 Me 387, 87 A2d 670, 673; 8 McQuillin, Municipal Corporations (3rd Ed.) 25, 72 p. 162.

It is true that the legislative body of the City of Montpelier could have specifically barred the use of a trailer coach as a home in the residential zone of that city when the ordinance was enacted. Briefs and argument would indicate that the zoning ordinance was so amended at some time after the application of Mr. Willey was granted. "Where use restrictions are applied, the ordinances must either clearly and expressly prevent such use or such use must clearly appear upon a proper and judicial determination of the ordinance." *Robertson* v. *Winston Baptist Hospital,* Ky, 267 SW2d 395.

■ The Board of Adjustment granted the appellant, Jed Willey, a permit to locate his trailer as a single family residence. This court held in *Thompson* v. *Smith,* 119 Vt. 488 508, 129 A2d 638, 651, that Boards of Adjustment are quasi-judicial bodies having quasi-judicial functions and duties." Courts will not disturb legislative or administrative action in zoning unless beyond doubt it is an abuse of discretion or an excess of power. 8 McQuillin Municipal Corporations (3rd Ed.) 25, 278-279, p. 615-676.

■ It is a well recognized rule that the performance of an official act or duty involving the exercise of judgment or discretion cannot adversely be controlled by the court with respect to the particular action which should be taken in the matter. *Proctor* v. *Hufnail,* 111 Vt 365, 369, 16 A2d 518.

Under the findings of fact, and the views expressed above

we can find no abuse of discretion or excess of power in the decision of the Board of Adjustment.

The question was also raised in brief and argument as to the authority of the county court to order the removal of the trailer under its decree. Disposition of the first issue renders it unnecessary for the court to determine the second exception raised by the appellant to the order.

*Decree reversed and remanded, and let the result be certified to the Board of Adjustment of the City of Montpelier.*