## In Re Petition of Mattison and Bentley

[144 A2d 778]

May Term, 1958

Opinion Filed September 2, 1958

460

*Waldo C. Holden* for the petitioners.

*James B. Campbell* for the petitionees.

**Adams, J.** This is a petition for a writ of prohibition brought to this Court by Lillian W. Mattison and Gordon Bentley, who will hereafter be referred to as the petitioners. The petition prays for a writ to prohibit Charles Taylor, Porter Hulett and Clyde H. Bryant, as selectmen of the town of Manchester, from acting under their report and decision in regard to a certain highway and also directing them to maintain the highway as the law provides. These selectmen will hereafter be referred to as the petitionees.

The parties by agreement filed a stipulation of facts. However, in order to understand certain parts of that, it is necessary to refer and make reference, in addition thereto, to

certain pertinent facts set forth in the petition and which are not controverted by the answer of the petitionees.

The petitionees, as selectmen of the town of Manchester, acting upon the petition of three freeholders of that town, after notice and hearing held on September 25, 1957, by their order dated November 20, 1957, altered and changed a section of Town Highway No. 37 situated between the intersection of Town Highways No. 37 and No. 38 and the Manchester-Sandgate division line from a public highway to a trail effective forthwith. The order further provided that signs shall be erected by the town of Manchester at each end of the trail warning users that the town is not liable for the maintenance of said trail, "that all users thereof pass at their own risk, and that abutting owners of lands at either end of said trail may erect unlocked gates and bars across said trail at the ends thereof, or at such other places as the Selectmen may hereafter designate in writing and recorded in the office of the Clerk of said Town, pursuant to the Statute in such case made and provided." This order of the selectmen was received for record in the town clerk's office and recorded on November 23, 1957.

The petitionees filed an answer in which they stated in substance. 1, The petitioners have an adequate remedy at law. 2, The act sought to be prohibited is a legal, full, complete and accomplished judicial act. 3, The petitioners do not allege that they are damaged, injured or otherwise affected by the action taken. 4, The petitioners did not object to the jurisdiction of the selectmen. 5, A writ of prohibition may not issue directing the selectmen to maintain the highway as it is beyond the power or scope of such a writ.

We now turn to the stipulation of facts which states in substance,—1, The selectmen acted in conformity with V. S. 47, §§5020, 5021, 5022 and 5023. 2 and 3, The petitioners were personally present at the hearing on September 25 and neither of them objected to the jurisdiction of the selectmen. 4, The highway, a portion of which was made a trail, commences at its intersection with U. S. Route No. 7 in the town of Sunderland, crosses through a portion of the town of Manchester and runs into the town of Sandgate. 5 and 6, The

lands of the petitioner, Mattison, are in the town of Manchester and abut partially on that section of the highway which was changed into a trail and partially on a portion of the highway not affected by the order. The lands of the petitioner, Bentley, are located in Sandgate and are accommodated by said highway. 7, Neither of the petitioners nor any other person filed an appeal to the Bennington County Court or to any other court from the order of the selectmen. 8, No signs have been erected by the town of Manchester at each end of said section of said highway warning the users thereof that the town is not liable for the maintenance of said trail and that all users pass at their own risk. 9 and 10, No abutting owner has erected any unlocked bars or gates across said section at either end and the selectmen have not designated in writing and recorded in the office of the town clerk other places where unlocked gates or bars might be erected. 11, In November, 1957, the selectmen of the town of Sandgate similarly altered and made a trail of a portion of said highway located in that town and commencing at the Manchester-Sandgate town line.

■ The procedure to be followed in laying out or discontinuing a highway is wholly statutory and the method prescribed must be substantially complied with or the proceedings will be void. *Barton* v. *Sutton*, 93 Vt 102, 103, 106 A 583.

V. S. 47, §5076, provides in substance that when a highway is to be laid out, altered or discontinued extending into or through two or more towns in the same county application shall be made to the county court. The court appoints commissioners and the same procedure is to be followed as when the highway is located in only one town, except that the notices shall be given to the selectmen of each town.

■ Here, No. 4 of the agreed statement of facts specifies that the highway in question commences in the town of Sunderland, crosses through a portion of the town of Manchester and runs into the town of Sandgate. The county court under §5076 and not the selectmen had jurisdiction. *Kent* v. *Town of Wallingford*, 42 Vt 651, 656; *Kelley* v. *Towns of Tinmouth, Danby & Wallingford*, 46 Vt 504, 510, 511; *Platt* v. *Towns of Milton & Colchester*, 55 Vt 490, 491.

■ The fact that the selectmen of the town of Sandgate similiarly altered and made a trail of that portion of the highway located in that town does not alter the situation. It seems more than a coincidence that the selectmen of the two towns took identical action in the same month and year. The statute cannot be circumvented and jurisdiction thus conferred upon the selectmen of each town into or through which the highway passed. Jurisdiction may not be conferred by splitting such an indivisible matter into several units. If this is attempted, prohibition is the proper remedy. *Bullard* v. *Thorpe*, 66 Vt 599, 605, 30 A 36, 25 LRA 605. The selectmen had no jurisdiction to proceed as was done here under V. S. 47, §§5020-5023 inclusive.

■■ The function of a writ of prohibition is to prevent the unlawful assumption of jurisdiction by a tribunal contrary to common law or statutory provisions. The writ lies not only to courts *eo nomine* but also to ministerial bodies possessing incidental judicial powers known as quasi-judicial tribunals. *Springfield* v. *Newton*, 115 Vt 39, 42-43, 50 A2d 605; *Gould* v. *Parker*, 114 Vt 186, 188, 42 A2d 416, 159 ALR 622. The selectmen of a town are such an inferior tribunal. *Shrewsbury* v. *Davis*, 101 Vt 181, 187, 142 A 91.

The petitionees claim that because the petitioners were present in person at the hearing by the selectmen, made no objection to their jurisdiction and took no appeal from their action they cannot maintain their petition. This claim is without merit.

■ The selectmen had no jurisdiction of the subject matter and the proceedings and order were void. *Barton* v. *Sutton*, *supra*, 93 Vt at 102, 106 A 583. The lack of authority to make or render a particular order or judgment is akin to lack of jurisdiction of the subject matter. *Barber* v. *Chase*, 101 Vt 343, 351-352, 143 A 302. Neither waiver nor consent can confer jurisdiction where it is not given by law. *Aguirre* v. *Aja*, 113 Vt 123, 125, 30 A2d 88. A judgment void for want of jurisdiction may be impeached by a party thereto in any way and at any time for it is no judgment in law. *Alexander*

& *Hutchinson* v. *Montpelier*, 81 Vt 549, 551, 71 A 720; *Boyce* v. *Sumner*, 97 Vt 473, 482, 124 A 853.

The petitionees claim that the writ will not lie because the act of the selectmen is a completed and accomplished act. See 42 Am Jur, Prohibition, §§41 and 47 where this question is discussed. We spend no time in analyzing the law as applied to the instant case for here the matter had not been completed. The stipulation of facts, 8, 9, and 10, show that the town of Manchester has not erected the warning signs specified in the order of the petitionees, the abutting land owners have not erected unlocked gates or bars at either end of the highway nor have the petitionees designated in writing and recorded in the office of the town clerk other places at which unlocked gates or bars may be erected, all as set forth in the order of the petitionees. This claim is without merit.

■ The petitionees claim that the petitioners do not allege that they are damaged, injured or otherwise affected by the action taken by the petitionees. The petition alleges that the petitioners are owners of lands in which the highway in question lies, abuts and passes through or which are accommodated by said highway. This is also shown by the stipulation of facts, 5 and 6. That is sufficient to show that the petitioners are parties who are damaged, injured or affected by the purported order of the petitionees changing the public highway to a trail. *Shrewsbury* v. *Davis, supra*, 101 Vt at 188, 142 A 91.

The petitionees claim that affirmative relief, i.e., ordering the petitionees to maintain the highway is beyond the jurisdiction of this Court and not within the province of a writ of prohibition. That is not the only relief requested by the petitioners. They ask that the petitionees be prohibited from acting under the provisions of their report and the petition also contains a prayer for general relief. We do not deem this case to be one that requires affirmative relief of that type. V. S. 47, §5141 requires a town to keep and maintain its highways except those on the state highway system in good and sufficient repair. We expect that the town of Manchester and its proper officials will comply with the requirement of the

statute. If that should not be done, the statutes provide for methods of procedure. See *Ellis* v. *Cannon*, 113 Vt 511, 37 A2d 377.

We hold that the petitionees, as selectmen of the town of Manchester, had no jurisdiction to alter and change the highway as they attempted to do in their order and that the order is void.

We have not discussed the question of the petitioners having another and adequate remedy. This is a case where the writ should issue in any event as a matter of discretion and the petitioners should not be required to resort to any other procedure with the incidental cost and delay involved thereby. It is clearly a matter where the petitionees were without jurisdiction to act.

*It is ordered that a writ of prohibition issue in the name of the State, directed to the petitionees, as Selectmen of the Town of Manchester, prohibiting them from altering and changing that section of Town Highway No. 37 that is situated between the intersection of Town Highways No. 37 and No. 38 and the Manchester-Sandgate line to a trail as attempted by their order dated November 20, 1957.*