## Hatley v. Lium

[ 231 A.2d 647 ]

June Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 29, 1967

*Black & Plante,* with *Frank G. Mahady* and *Harry A. Black* on the brief, for petitioner.

*Sten Lium, pro se.*

**Per Curiam.** To stop his impending trial on a criminal charge, the petitioner has asked for a writ of prohibition, directed against the state's attorney as prosecuting officer. In support of his request for this particular extraordinary relief, he recites that he was illegally arrested outside the state and brought in without extradition, that he was interrogated as a prime suspect without being advised of his right to counsel and without counsel present, that the prosecution is entire-

ly based on evidence obtained from the illegal interrogation, and that prejudicial pre-trial publicity renders a fair trial impossible in Caledonia County. The petitioner has a right to present these issues for adjudication, for they raise serious questions.

However, he mistakes his remedy. The writ of prohibition, despite the breadth of relief suggested by its name, is an extraordinary writ of limited and specific application. Its function is to control the use of judicial power and assure the regularity of its exercise. *In re Mattison,* 120 Vt. 459, 463, 144 A.2d 778. The prosecution of a criminal charge as advocate for the State is not an exercise of judicial authority. *Gould* v. *Parker,* 114 Vt. 186, 189, 42 A.2d 416. Thus, as that case points out, the writ will not lie against a state's attorney so engaged.

The assertion of constitutional issues does not alter the situation. Such concerns cannot generate prohibitory jurisdiction in the absence of the elements essential to support the issuance of the writ. *Petition of Green Mtn. Post #1,* 116 Vt. 256, 260, 73 A.2d 309.

There is a further standard which would come into play, even if the fundamental jurisdictional requirements had been met. This is an extraordinary writ, an emergency power, to be invoked when regular judicial procedures are unable or unavailable to effectively resolve the issues sought to be raised. *Petition of Green Mtn. Post #1, supra,* 116 Vt. 256, 259. In the absence of a showing of the inadequacy of other relief plainly available, this Court will refrain from allowing this remedy to be used to interrupt the orderly course of trial procedure. *In re Raymo,* 121 Vt. 246, 252, 154 A.2d 487.

*The petition for a writ of prohibition is dismissed.*