Robinson Verrill, Jr. v. Charles N. Daley, Jr., Dale E. Percy and Giles W. Dewey, Control Commissioners, Town of Stowe

[ 236 A.2d 238 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed November 1, 1967

*Samuel C. Fitzpatrick* for the petitioner.

*Clifton G. Parker* for the petitionees.

**Shangraw, J.** This is a petition for a writ of prohibition brought to this Court by the petitioner whereby he seeks to restrain the petitionees selectmen of the Town of Stowe, as control commissioners, from revoking his first-class license and withholding the same from his possession. This license was initially issued by the control commissioners with the approval of the liquor control board. 7 V.S.A. section 222. The liquor control board also issued a third-class license. 7 .V.S.A. section 224.

Following complaints and investigation, the petitionees, as control commissioners, gave the petitioner a notice of hearing. A hearing was held by them and petitionees revoked the first-class license so issued to petitioner and have the same in their possession. The liquor control board revoked or suspended petitioner's third-class license.

This case is submitted and decided on the pleadings and facts agreed upon by the counsel. The sole issue is whether the control commissioners of the Town of Stowe had the authority to revoke the petitioner's first-class license without a hearing and decision by the liquor control board.

Acting under the provisions of 7 V.S.A. section 236, petitioner's first-class license was revoked September 19, 1967 without the benefit of a hearing before the liquor control board. This section, in-so-far as here material reads:

"The control commissioners or the liquor control board shall have power to suspend or revoke any permit or license granted pursuant to this title in the event the person holding such permit or license shall at any time during the term thereof so conduct his business as to be in violation of the conditions pursuant to which such permit or license was granted or of any rule or regulation prescribed by the liquor control board. No revocation shall be made until the permittee or licensee shall be notified and be given a hearing before the liquor control board, unless such permittee or licensee shall have been convicted by a court of competent jurisdiction or violating the provisions of this title."

It is the contention of the petitioner that the petitionees, as control commissioners, were without authority to revoke the first-class license

without a hearing first held before the liquor control board, and by so doing they exceeded their jurisdiction.

■■ Generally, where a statute, by its terms, requires notice and hearing before a liquor or beer license may be revoked, compliance with the statutory requirement is a prerequisite of the validity of the order of revocation. 30 Am.Jur. Intoxicating Liquors, section 178; 48 C.J.S. Intoxicating Liquors §177b, page 290. Where there is a disregard of statutory requirements, the defect is jurisdictional. See, Annotation, 35 A.L.R.2d, pages 1075-6.

Under section 166 the selectmen of the Town of Stowe are made and designated as control commissioners, and by section 167 "* * * shall administer such rules and regulations, which shall be furnished them by the liquor control board, as shall be necessary to carry out the purposes of this title." First- and second-class licenses may be granted by them "With the approval of the liquor control board * * *." The liquor control board, in its discretion, may grant third-class licenses under section 224.

■ Under the scheme of the alcoholic beverage statutes, the liquor control board is established as the paramount authority in the administration of the act. The local control commissioners are constituted as subordinate agencies. 7 V.S.A. sections 166-167.

■■ The fundamental rule in the construction of statutes is to ascertain and give effect to the intention of the legislature. *Davidson* v. *Davidson*, 111 Vt. 24, 27, 9 A.2d 114; *Reed* v. *Allen*, 121 Vt. 202, 206, 153 A.2d 74, 73 A.L.R.2d 1161. Statutes in pari materia are to be construed with reference to each other as parts of one system, *Reed* v. *Allen, supra,* 121 Vt. 207, 153 A.2d 74.

Section 236 of which we are concerned in part provides that "The control commissioners or the liquor control board shall have power to suspend or revoke any permit or license granted pursuant to this title * * *." However, it further states that "No revocation shall be made until the permittee or licensee shall be notified and be given a hearing before the liquor control board, * * *."

Under 7 V.S.A. section 167 the control commissioners may grant first- and second-class licenses with the approval of the liquor control board. It logically follows that to revoke such licenses the control commissioners must also have had approval from the liquor control board following a hearing by the board.

The foregoing statutory requirements of notice and hearing by the liquor control board before revocation of a license or permit might well serve to demonstrate fear on the part of the legislature that a summary revocation may result in an injustice to the licensee without an opportunity to present facts upon which the action of the board should depend.

■ Where, as here, the statute does not provide for a hearing in case of suspension of a license, a licensee is bound by its acceptance of the license and is subject to the condition that such license may be temporarily suspended without a hearing. *Green Mountain Post, etc.* v. *Liquor Control Board,* 117 Vt. 405, 409, 94 A.2d 230, 35 A.L.R.2d 1060, 30 Am.Jur. Intoxicating Liquors, section 178 at p. 637. This follows by reason of the need of immediate public protection against continued activity under a license when the licensee has misused his rights thereunder. Such suspension is in effect a holding operation for the mutual protection of both the licensee and the public pending an opportunity for the licensee to be heard on the question whether the license should be revoked.

In reaching the issue of revocation of such licenses or permits, the second sentence of section 236, *supra,* is all embracing and makes no exception as to the delegated power of revocation by providing that "No revocation shall be made until the permittee or licensee shall be notified and be given a hearing before the liquor control board, * * *." Then follows a sentence in this statute stating that "The board shall have the power of subpoena, * * * take testimony of any person by deposition, * * *." No such authority is granted to the control commissioners under this statute.

■ When the control commissioners of the Town of Stowe undertook to revoke the petitioner's first-class license, they exceeded the limits of the authority granted them under the statute, section 236, *supra.* Against this unwarranted assumption of jurisdiction a writ of prohibition may properly issue. Petition of *Mattison and Bentley,* 120 Vt. 459, 465, 144 A.2d 778; *Town of Springfield* v. *Newton,* 115 Vt. 39, 49, 50 A.2d 605.

*It is ordered that a writ of prohibition issue in favor of the petitioner, signed by the Clerk of this Court, directed to the petitionees, as control commissioners of the Town of Stowe, prohibiting them from revoking the first-class license of petitioner as ordered by them on September 19, 1967.*