**F. M. Burlington Company—Mondev Burlington, Inc. d/b/a Burlington Square v. Commissioner of Taxes**

[365 A.2d 531]

No. 106-76

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 5, 1976

*Robert C. Roesler* of *Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*M. Jerome Diamond,* Attorney General and *Richard Johnston King* and *Georgiana O. Miranda,* Assistant Attorneys General, Montpelier, for Defendant.

**Daley, J.** This is an interlocutory appeal in which the Commissioner of Taxes seeks to dismiss an appeal taken from a decision made by him under the provisions of 32 V.S.A., chapter 233, entitled Sales and Use Tax.

F. M. Burlington Company—Mondev Burlington, Inc. d/b/a Burlington Square (hereinafter referred to as Burlington Square) by an application to the commissioner sought to obtain an exemption from the imposition of such taxes. See 32 V.S.A. § 9743. On October 3, 1975, the commissioner, after hearing, determined in writing that Burlington Square was not entitled to the claimed exemption.

The commissioner's decision relating to matters encompassed by chapter 233 is subject to review by the county (now superior) court by virtue of 32 V.S.A. § 9817. The material parts of this section read as follows:

(a) Any aggrieved taxpayer may, within thirty days after any decision, order, finding, assessment or action of the commissioner made under this chapter, appeal to the county court, by filing a petition of appeal with the county court as prescribed by law and on giving security, approved by the commissioner, conditioned to pay the tax levied, if it remains unpaid, with interest and costs, as set forth in subsection (c) of this section.

(b) The appeal provided by this section shall be the exclusive remedy available to any taxpayer for review of a decision of the commissioner determining the liability of the taxpayer for the taxes imposed.

Burlington Square's notice of appeal, stating it was taken under 32 V.S.A. § 9817, was filed in the Chittenden Superior Court on November 13, 1975, approximately 41 days after the date of decision, clearly contravening the time limit for filing notices of appeal set forth in § 9817.

It is Burlington Square's contention that the 30-day time period for filing appeals may be extended under V.R.A.P. 4 for a further period even beyond one 30-day extension upon a showing of excusable neglect. Apparently relying upon this theory, it filed what it entitled "Motion to Appeal Out of Time" some 68 days after the entry of the decision of the commissioner. The superior court granted this motion and in the same order denied the motions to dismiss made by the commissioner. It also denied the commissioner's motion for permission to appeal under V.R.A.P. 5(b); that permission was subsequently granted by this Court.

The commissioner has presented us with three issues: (1) Whether a notice of appeal which was not timely filed can be validated by a motion for permission to appeal out of time, filed more than 60 days after the date of the entry of the order appealed from; (2) Whether, as a matter of law, the record in this case contains sufficient evidence of excusable neglect to justify an extension of the time for filing a notice of appeal; and (3) Whether the Chittenden Superior Court, the court appealed to, had jurisdiction to entertain the motion to appeal out of time.

Because our answer to issues 1 and 3 is in the negative, we will not discuss issue 2.

In our approach to the issues presented, we are required to examine two statutes prescribing the time within which a notice of appeal must be filed in order to confer jurisdiction upon the court appealed to, the previously quoted § 9817 and 12 V.S.A. § 2383. This latter statute sets forth the time for filing notice of appeal in the following language:

Except as otherwise provided by law, a notice of appeal shall be filed within thirty days from the date of the entry of any appealable judgment order, ruling, decree or sentence of any court, commission, board, agency, or department of the state or any political subdivision thereof. The supreme court may by rule provide for extension of the

time for appeal to allow a cross-appeal or for cause. (Emphasis added.)

It is a statute general in nature which allows for an extension of time when permitted by rules promulgated by this Court. See V.R.A.P. 4. The last sentence of this statute was added by § 56, No. 185 of the Public Acts of 1971 (Adj. Sess.), effective March 29, 1972.

The appeal by Burlington Square is controlled, however, by the special provision contained in taxing statutes enacted by the General Assembly in 1969 when it originally brought into existence a new tax. Section 9817 provides a remedy to a taxpayer aggrieved by decisions made by a representative of the taxing authority. We see the legislative intent or purpose as limiting the time during which a person who becomes subject to the tax must either abide by a decision, finding or order of the commissioner and contribute to the revenues of the state or seek review. In such proceedings to impose a tax and enforce its collection, the public interest is vitally affected. These considerations, when coupled with the clear wording of the statute itself, lead us to the conclusion that it is a special statute, and the taxpayer's right of appeal is not governed by 12 V.S.A. § 2383 and V.R.A.P. 4 but is confined to a stated period, 30 days. Although 12 V.S.A. § 2383 became effective some three years after the enactment of 32 V.S.A. § 9817, we find no legislative intention providing an extension of the specific time limitations contained in a proceeding arising out of the special legislation creating the sales and use tax. The United States Supreme Court in a recent decision, *Radzanower* v. *Touche Ross & Co.*, 426 U.S. 148, 153, 96 S.Ct. 1989, 1992–93, 48 L.Ed.2d 540, 546 (1976), stated:

It is a basic principle of statutory construction that a statute dealing with a narrow, precise and specific subject is not submerged by a later-enacted statute covering a more generalized spectrum. "Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." *Morton* v. *Mancari*, 417 U.S. 535, 550–551. "The reason and philosophy of the rule is, that when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subse-

quent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intending to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all." T. Sedgwick, Interpretation and Construction of Statutory and Constitutional Law 98 (2d ed. 1874).

The evident legislative purpose of 32 V.S.A. § 9817 being to limit the time within which a review could be initiated, it must be given effect, according to its terms. See *In re Crescent Beach Assoc.*, 125 Vt. 321, 215 A.2d 502 (1965); *Glabach* v. *Sardelli*, 132 Vt. 490, 321 A.2d 1 (1974). The 30-day period set forth in 32 V.S.A. § 9817 may not be extended under the general provisions of 12 V.S.A. § 2383 or under V.R.A.P. 4.

*The order of the Chittenden Superior Court granting Burlington Square's Motion to Appeal Out of Time is reversed, and the cause is remanded to that court with direction to enter an order dismissing the appeal from the commissioner's order for lack of jurisdiction.*