## Estate of Blaine Tilton and New York Keansburg Bus Co., et al. v. Lamoille Superior Court and Honorable David A. Jenkins

[531 A.2d 919]

No. 86-582

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed June 26, 1987

*Dennis L. Provoncha*, Morrisville, and *Miller, Norton & Cleary, Ltd.*, Rutland, for Plaintiffs.

*Jeffrey L. Amestoy*, Attorney General, and *Marilyn Signe Skoglund*, Assistant Attorney General, Montpelier, for Defendants.

**Barney, C.J.** (Ret.), Specially Assigned. This is an original petition brought to this Court under V.R.A.P. 21. Substantively, it is directed at actions of the then presiding judge of Lamoille Superior Court, as well as at that court itself. The relief sought is in the nature of prohibition in that it seeks to forestall certain actions of the presiding judge and the court which have been proposed by those defendants, and which the plaintiffs contend are unwarranted assumptions of jurisdiction. The Court finds that the writ should issue.

The essential facts are not disputed. In a certain wrongful death action pending in Lamoille Superior Court entitled *Estate of Blaine Tilton* v. *New York Keansburg Bus Co.*, Docket Number S144-84LC, the parties reached a settlement. The estate was

represented by duly appointed administrators. Simultaneously, a claim for damages against the driver of the car in which the passenger Blaine Tilton was killed in a collision with a bus of the defendant New York Keansburg Bus Company was also settled.

Blaine Tilton left a surviving child nine years old at the time of this litigation. The mother was appointed legal guardian of the child by the probate court. Blaine Tilton and the mother of the child were never married to each other, but it is undisputed that he openly acknowledged the child to be his and had entered into a support agreement to pay her $25.00 per week until she reached majority. The parents of Blaine Tilton are the administrators of his estate.

Upon reaching a settlement the parties filed a motion for dismissal with prejudice with the Lamoille Superior Court. The court conferred with counsel and was advised of the settlement terms. Without detailing its terms here, the settlement provided benefits almost entirely for the child alone. This was the wish of both the child's mother and Blaine's parents. Money from the settlement with the driver was to establish a trust fund paying the $25.00 support money during the child's minority, as Blaine had been doing. It also paid for medical insurance coverage for the child. The larger sum from the bus company was set up to make guaranteed lump sum payments to the child: $25,000.00 on her twenty-fifth and thirtieth birthdays, $50,000.00 on her thirty-fifth birthday, $100,000.00 on her fortieth birthday and $125,000.00 on her forty-fifth birthday. The settlement also provided for $6,500.00 to be paid in cash upon dismissal.

The Lamoille Superior Court, Judge Jenkins presiding, issued an order in effect rejecting the settlement and ordering the case on for trial. The case was set down for jury trial in spite of the objections of all parties who were concerned about the uncertainty and unnecessary expense. Nevertheless, the judge continued to disapprove of the settlement and the annuity plan and required that, barring a resolution meeting with his approval, the parties litigate the case.

It became apparent that the adversarial positions in the litigation no longer involved, in the usual sense, the representatives of the estate against the defendants. Instead, all of the litigants and the representative of the beneficiary-minor child were ranged on one side, and the trial court and presiding judge on the other.

The litigants' response to that was this petition for extraordinary relief.

Under V.R.A.P. 21, such a petition in the nature of prohibition is appropriate for a claim that an adjudicative body is attempting to exercise authority beyond its jurisdiction. *Verrill* v. *Daley*, 126 Vt. 444, 447, 236 A.2d 238, 240 (1967). As is the case here, *Verrill* was submitted on the pleadings and uncontested essential facts. Unlike *Hatley* v. *Lium*, 126 Vt. 385, 231 A.2d 647 (1967), this is a case which seeks "to control the use of judicial power and assure the regularity of its exercise." *Hatley*, 126 Vt. at 386, 231 A.2d at 648.

Here the very circumstances that call for the invocation of prohibitory relief demonstrate the inadequacy of any appellate remedy and the unavailability of relief in the superior court, all as required by V.R.A.P. 21. There are occasions in which such a matter brought before this Court might require reference to an appropriate fact-finder in order to resolve evidentiary issues, but, as has been noted, this is not one of them. See *Town of Springfield* v. *Newton*, 115 Vt. 39, 42, 50 A.2d 605, 608 (1947). Thus it is appropriate here to proceed directly to the issues as briefed and argued before us in the writ application, and make disposition accordingly.

The trial court presumed to act under the authority of 14 V.S.A. § 2643. This statute now has two parts. Subsection (a) requires that "[t]he superior judge of the . . . county where the minor resides . . . must approve of and consent to a release to be executed by a parent [of the minor] in the settlement of any claim [on behalf of the minor] which does not exceed . . . $1,500.00." Subsection (b) specifies that the settlement of any claim on behalf of a minor "in excess of $1,500.00 shall require the approval of a court-appointed guardian."

Of transcending importance in this case is the fact that there is no cause of action of a minor subject to release present—a prerequisite for the operation of 14 V.S.A. § 2643. The claim belongs to the estate of Blaine Tilton under 14 V.S.A. § 1492, and any release to be given is to be executed by the administrators of that estate, Blaine's parents, as personal representatives of the deceased. The minor child is not a party to the cause of action between the estate of Blaine Tilton and the bus company or the driver of the car. There is no enforceable interest of the child against any of the defendants in the actions for wrongful death

subject to release as contemplated by 14 V.S.A. § 2643. Her benefits are to come to her from the estate, and the parents of Blaine and their living children have executed releases in favor of the child.

The authority of the Lamoille Superior Court in this case derives from 14 V.S.A. § 1492(c), with a decree of the Lamoille Probate Court finally disposing of the settlement. We anticipate that the defendants in this action, if directed to limit the exercise of authority over the wrongful death claim to the directives of 14 V.S.A. § 1492, will do so. That authority is directed toward fair distribution of a wrongful death award among competing claimants. Nothing in this case should be taken to restrict the statutory authority of the superior court to assure that the proceeds shall be distributed in proportion to the pecuniary injuries suffered, as provided by 14 V.S.A. § 1492(c). In this case, there is no issue of proportional distribution since the child is the sole beneficiary.

*The motion of the defendants to dismiss the petition is denied. The petition for extraordinary relief is granted, the Hon. David A. Jenkins and the Lamoille Superior Court are enjoined from compelling the plaintiffs in this action to go to trial in contravention of their settlement in the case of Estate of Blaine Tilton v. New York Keansburg Bus Co., et al., Lamoille Superior Court Docket No. S144-84LC, and the Hon. David A. Jenkins and the Lamoille Superior Court are directed to conform their judicial functions in this case to the provision of 14 V.S.A. § 1492, including, as appropriate, the acceptance of any terms of settlement arrived at between the parties to the wrongful death action, the distribution of the proceeds of the settlement pursuant to 14 V.S.A. § 1492(c), and the certification of the same to the Probate Court for the District of Lamoille.*