Cinema N. Corp. v. Vt. Dep't of Taxes, No. 9-1-11 Rdcv (Teachout, J., Aug. 17, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                     **CIVIL DIVISION**
**Rutland Unit**                                        **Docket No. 9-1-11 Rdcv**


**CINEMA NORTH CORP., et al.**
    **Appellants**

**v.**


**VERMONT DEPARTMENT OF TAXES,**
    **Appellee**


## <u>DECISION</u>
### Appellee's Motion to Dismiss, filed February 25, 2011


Appellee Vermont Department of Taxes ("State") moves to dismiss this appeal of a determination of tax liability on the grounds that Appellants Cinema North Corp., Plaza Movieplex, Inc., and Westway Cinema Corp. have failed to comply with statutory requirements to give security before pursuing a tax appeal.

Appellants are related entities (Cinema North is the parent company of the other two) and the former owners and operators of movie theaters in Rutland and West Rutland. They are appealing a December 6, 2010 Determination by the Commissioner of Taxes that they owe the State a variety of unpaid taxes for tax years 2003-2006. Appellants' notice of appeal was timely, but they have given no security.  The State has filed tax liens on real estate owned personally by a shareholder of Cinema North.

The State claimed originally that they must provide security of over $87,000 based on the full amount of the decision from which the appeal was taken, but Appellants have clarified that they are appealing only the meals and sales tax portions of the decision, not the use tax, and that the pertinent amount for security purposes is approximately $33,700.  The State does not dispute this amount in its reply memorandum.

The motion calls for interpretation of the statutory provisions requiring security upon an appeal of the Commissioner's decision.

Sales tax:  32 V.S.A. § 9817(a) states that "[t]he appellant shall give security, approved by the commissioner, conditioned to pay the tax levied, if it remains unpaid, with interest and costs, as set forth in subsection (c) of this section." Subsection (c) provides three options: paying the deficiency, depositing with the commissioner the amount of the deficiency, or filing a bond with the commissioner in the amount of the deficiency.

Meals tax:  32 V.S.A. § 9275 states, "The appellant shall give security, approved by the commissioner, conditioned to pay the tax levied, if it remains unpaid, with interest and costs."

The State argues that Appellants' failure to comply with these provisions is grounds for dismissal of this appeal. Appellants raise multiple arguments opposing dismissal. First, they argue that Section 9817 (sales tax) only requires security if the appellant wishes to prevent immediate collection action during the pendency of the appeal. Second, they contend that security is not a jurisdictional bar to an appeal. Third, they argue the statutes as interpreted by the State violate the Vermont Constitution. Finally, in the alternative, they seek a stay of enforcement during the appeal and contend they have already provided the State with adequate security through existing tax liens.

**Statutory Construction**

Section 9817 governs the appeal of *sales tax* determinations from the Commissioner to the Superior Court. Section 9817(a) outlines the requirements of an appeal. Its first sentence states, "Any aggrieved taxpayer may, within thirty days after any decision, order, finding, assessment or action of the commissioner made under this chapter, appeal to the superior court." 32 V.S.A. § 9817(a). Its second sentence imposes the requirement of security: "The appellant shall give security, approved by the commissioner, conditioned to pay the tax levied, if it remains unpaid, with interest and costs, as set forth in subsection (c) of this section." *Id.*   Subsection (c) states that unless security is provided in the proper form, "the commissioner may assess a deficiency after the expiration of the period specified in subsection (a) of this section, notwithstanding that a notice of appeal regarding the deficiency has been filed by the taxpayer." 32 V.S.A. § 9817(c).

Section 9275 addresses appeals of *meals tax* determinations. It contains similar but not identical language to Section 9817(a):

> Any person aggrieved by the decision of the commissioner upon petition provided for in section 9274 of this title may, within thirty days after notice thereof from the commissioner, appeal therefrom to the superior court of any county in which such person has a place of business subject to this chapter. The appellant shall give security, approved by the commissioner, conditioned to pay the tax levied, if it remains unpaid, with interest and costs.

32 V.S.A. § 9275.

Each of these statutes follows the same pattern. The first sentence states that an aggrieved taxpayer has the right to appeal a decision of the Commissioner to the Superior Court within thirty days. The second sentence states the requirement to give security. Both statutes also state that they are the "exclusive remedy" for taxpayer appeals. 32 V.S.A. § 9817(b) ("The appeal provided by this section shall be the exclusive remedy available to any taxpayer for review of a decision of the commissioner determining the liability of the taxpayer for the taxes imposed."); 32 V.S.A. § 9874 ("The remedies provided by this section and section 9275 of this title, shall be the exclusive remedies of a taxpayer …").

Appellants argue that the "shall give security" language in both statutes is not a jurisdictional bar to an appeal. Appellants assert that this language is merely "directory" and not mandatory. Appellants' argument is that because the statutes do not explicitly identify the consequence of failing to provide security, compliance with the security requirement is not required to effectuate an appeal.

Caselaw interpreting the Vermont tax appeal provisions contravenes Appellants' position. In *F.M. Burlington Co. v. Comm'r of Taxes*, 134 Vt. 515 (1976), the Vermont Supreme Court addressed the situation where taxpayers did not file a notice of appeal within the thirty day time limit imposed by 32 V.S.A. § 9817. The Court, relying on the nature of Section 9817 as the exclusive remedy for sales tax appeals and the vital effect that the timely collection of taxes has on the public interest, held that failure to comply with the thirty day time limit was a jurisdictional bar to appeal. *F.M. Burlington*, 134 Vt. at 518-19.

The *F.M. Burlington* decision provides guidance in interpreting the security requirement provisions of the statutes. Even though the statute did not specify the consequence of not taking an appeal within the thirty day time limit, the Court concluded that failure to comply resulted in a jurisdictional bar to an appeal. It did not rely on, or even refer to, appellants' purported distinction between "directory" and "mandatory" language. This makes sense because the directory/mandatory distinction that appellant relies on is pertinent to cases discussing the State's failure to perform a statutory duty within a given time specified by statute. See *Shlansky v. City of Burlington*, 2010 VT 90, ¶ 17. This is a different situation from the one present here and in *F.M. Burlington*.

The terms of the statutes are plain: the appellant "shall give security." See *Town of Victory v. State*, 174 Vt. 539, 544-45 (2002) (holding the word "shall" to be mandatory language). In the light of the statutory terms and *F.M. Burlington* and *Town of Victory,* the security requirements of both Sections 9817 and 9275 must be read as mandatory. Both statutes clearly specify security and are the exclusive remedy for appeals from assessments of their respective taxes. There is an important and obvious public interest underlying the requirement: public fiscal stability would be undermined if taxpayers could avoid or postpone payment of taxes by filing appeals without giving security. *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 37. Statutes must be given effect according to their terms. 134 Vt. At 519. Under the language of

3

both statutes, Appellants must provide the state with security as a requirement of taking an appeal. The Court declines to accept Appellants' argument that for the sales tax, security is only required to prevent the Commissioner from proceeding with collection.

**Validity Under Vermont Constitution**

Appellants next argue that the statutes, if construed to require payment of security before the taking of an appeal, violate Chapter 1, Article 4 of the Vermont Constitution. That provision, entitled "Remedy at law secured to all," states:

> Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character; every person ought to obtain right and justice, freely, and without being obliged to purchase it; completely and without any denial; promptly and without delay; conformably to the laws.

Vt. Const. ch. 1, art. 4. Applicants claim the interpretation of the tax appeal statutes as a "pay to play" scheme unconstitutionally requires them to purchase justice.

Chapter 1, Article 4 of the Vermont Constitution is treated as the equivalent of the federal Due Process Clause. *Levinsky v. Diamond,* 151 Vt. 178, 197 (1989), *overruled on other grounds by Muzzy v. State,* 155 Vt. 279 (1990). Appellants' argument misconstrues the effect of the "give security" provisions of the tax appeal statutes. They do not foreclose judicial review, which would be a violation of Article 4. See, e.g., *Shields v. Gerhart*, 163 Vt. 219, 223 (1995). Rather, they merely specify the prerequisites for obtaining judicial review.

Moreover, the statutes provide for flexibility in the form of security, thus mitigating problems of financial hardship. For the meals tax, the security may be as approved by the Commissioner, which by its terms provides for flexibility. For the sales tax, there are three specified alternatives from which an appellant can choose, thereby allowing the taxpayer to elect the option that is the least onerous. With respect to the non-bond options available to a sales tax appellant, the Court notes that the State takes the position in Footnote 1 on page 3 of its Reply Memorandum that if Cinema North elects to pay the tax rather than post a bond or security, the State could apply the tax to periods other than those under appeal pursuant to 32 V.S.A. § 3112(a). However, there are two non-bond options under 32 V.S.A. § 9817(c): pay the tax deficiency, or "deposit[] with the commissioner the amount of the deficiency." Thus, the statute makes available the option of not simply making a tax payment subject to allocation by the Commissioner against other tax liability, but specifying a deposit of the tax at issue with the Commissioner.

Even if the statutory requirements make it more difficult for appellants to obtain judicial review, that does not amount to a violation of Article 4. See *Holton v. Dept. of Emp't & Training*, 2005 VT 42, ¶ 28, 178 Vt. 147 (finding statute did not violate Article

4

where it did not, by its terms, foreclose judicial review of agency action, even though practical circumstances made it difficult for aggrieved parties to seek review under the statute).

The State may constitutionally require a taxpayer to pay the disputed tax before having a right to judicially contest it. *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 36-37; *Hoffer v. Ancel*, 2004 VT 38, ¶ 14, 176 Vt. 630. So long as the taxpayer has the right to a refund at the conclusion of successful appeal due process is satisfied. *McKesson Corp.*, 496 U.S. at 36-37; *Hoffer*, 2004 VT at ¶ 14. Here, an appealing taxpayer has flexibility in the type of security it can offer, and a successful taxpayer on appeal can recover any tax or security erroneously paid. 32 V.S.A. § 9245; 32 V.S.A. § 9781(a). In addition, the State must pay interest at the legal rate on any such refund. 32 V.S.A. § 9245; 32 V.S.A. § 9781(b). Because of the flexibility in security and the adequate post-appeal remedy, the "pay to play" provisions do not violate due process.

## Stay

Appellants also seek a stay under V.R.C.P. 74(c). Rule 74(c) allows the court to "stay [an] agency decision and make such other orders as are necessary to preserve the rights of the parties upon such terms and conditions as are just."

Appellants, however, have not complied with statutes that require security to be posted upon the filing of an appeal. The State argues that even if a stay were to be granted under Rule 74(c), it would not remedy the defect of Appellants' noncompliance with the statute. The State points out that Rule 74(c) specifically refers to staying "agency decisions" and the procedural requirement to give security upon appeal is not, in and of itself, an agency decision and therefore cannot be stayed.

For appeal of sales tax liability, under 32 V.S.A. § 9817(c), the taxpayer must choose one of the three security options under the statute. These options are paying the deficiency, depositing with the commissioner the amount of the deficiency, or filing a bond with the commissioner in the amount of the deficiency. 32 V.S.A. § 9817(c). For appeal of meals tax liability, the appellant is required to give security. The Court is without power to ignore the terms of these statutes. Even if the Court ordered a stay of enforcement under Rule 74(c), this jurisdictional defect would invalidate any outcome. Accordingly, Appellants' request for a stay must be denied.

## Existing Tax Liens and Form of Security

Cinema North finally contends that the State already has sufficient security in the form of existing tax liens against the real estate of one of its shareholders, raising the issue of whether such liens qualify as security under the statutes. The two statutes at issue here differ somewhat with respect to what form of security is required. Appellants have identified that the sales tax under appeal is approximately $19,000 and the meals tax under appeal is approximately $15,000, as of January 2011.

5

Sales Tax.

The sales tax statute specifically references the three options for security outlined in 32 V.S.A. § 9817(c) and described above: pay the tax, deposit the amount of the deficiency, or file a bond in the amount of the deficiency. With regard to the bond option:

> [Taxpayer may appeal if he] has filed with the commissioner a bond (which may be a jeopardy bond) in the amount of the portion of the deficiency (including interest and other amounts) in respect of which review is sought and all costs and charges which may accrue against the taxpayer in the prosecution of the proceeding, including costs of all appeals, and with surety approved by the superior court, conditioned upon the payment of the deficiency (including interest and other amounts) as finally determined and all costs and charges.

32 V.S.A. § 9817(c). Therefore, Appellant, or someone on Appellant's behalf, must file a bond in the amount of $19,000 (or appropriate updated amount). The tax lien by itself, without a bond, is insufficient to meet this requirement.

As to the surety for the bond, approval for the surety lies with this Court. Unless and until the Appellant offers and executes a bond and offers a form of surety, it would be premature for this Court to determine whether the tax lien is sufficient surety or whether a commercial surety is required.[1]

Meals Tax.

Section 9275, concerning the meals tax, does not specify what form the security shall take. It simply states: "The appellant shall give security, approved by the commissioner, conditioned to pay the tax levied, if it remains unpaid, with interest and costs." 32 V.S.A. § 9275.

In this case, security would need to be provided in the amount of approximately $15,000, updated. Approval of the form of security lies with the Commissioner. Now that the amounts and types of tax under appeal have been clarified, there is no suggestion that the Commissioner will continue to insist on security of $87,000 or in any amount or form that is Draconian in relation to the tax liability under appeal.

---

[1] If the tax lien should be offered, Appellant is advised that a property owner's generalized statement of value of the property and amount of the outstanding mortgage are not sufficient. The value (current market value and existence and amount of any mortgage debt and all other liens) would need to be shown by affidavits of a disinterested persons or other credible evidence. The Court is not intending to signal that it would approve such surety, but only clarifying that the evidence offered by Appellant to date would be insufficient.

6

**Summary**

For the foregoing reasons, the Court concludes that security is required as stated above for pursuit of the appeals of the sales and meals tax portions of the Commissioner's December 6, 2010 decision.  The Court will extend the time for the giving of security.

## **ORDER**

The Court extends the time for giving of security to August 31, 2011, during which time this motion remains pending.  If security is not provided, the State may seek action on this motion.

Dated this 11th day of August, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge

7