*Fellows v. Pallito*, No. 598-9-15 Wncv (Tomasi, J., Feb. 10, 2016)
[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
WASHINGTON UNIT
CIVIL DIVISION

| | |
|---|---|
| Frank Fellows,<br>  Plaintiff,<br><br>  v.<br><br>Andrew Pallito,<br>Commissioner,<br>Vermont Department of Corrections,<br>  Defendant. | Docket No. 598-9-15 Wncv |

## Opinion and Order on Defendant's Motion to Dismiss

Plaintiff Frank Fellows is an inmate within the control and custody of the Vermont Department of Corrections (the "Department"), who is currently incarcerated at North Lake Correctional Facility, in Michigan.  Plaintiff brings this action, pursuant to Vt. R. Civ. P. 75, seeking review of the Department's decision not to afford him particular dietary options.  The Defendant has moved to dismiss, arguing that Plaintiff has alleged no cognizable injury that can be reviewed under Rule 75.  The Court makes the following determinations.

## Analysis

Plaintiff's complaint and his supplemental filings indicate that the food at his facility is of low quality, is often processed, and is not accurately described in the menus – *e.g.,* he claims the beef patties actually contain a significant amount of chicken.  He is principally concerned about consuming processed foods, which he claims can eventually lead to cancer.  Plaintiff has not asserted that he has any particular medical or religious need for a particular diet, and has not claimed that

the food provided fails to meet any established minimum nutrition or health standards. When he asked the Department to provide him with different menu options, it refused. He grieved that decision, lost, and subsequently appealed to this Court.

In evaluating a motion to dismiss for lack of subject matter jurisdiction under Vt. R. Civ. P. 12(b)(1), the Court takes "all uncontroverted factual allegations of the complaint … as true and construed in the light mist favorable to the nonmoving party." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). In addition, unlike a motion under Rule 12(b)(6), the Court may also consider materials outside the complaint in deciding whether it has jurisdiction. *See Conley v. Crisafulli*, 2010 VT 38, ¶3, 188 Vt. 11, 14.

Vt. R. Civ. P. 75. allows limited judicial review of governmental administrative decisions, but only "if such review is otherwise available by law." The Vermont Supreme Court has interpreted this provision to mean that review is allowable if it "is provided by the particular statute establishing an agency," or falls under one of the common law writs, namely: *certiorari, mandamus*, or prohibition. *Rheaume v. Pallito*, 2011 VT 72, ¶ ¶ 9-10, 190 Vt. 245, 250. Here, as there is no statutory right to review, this Court has jurisdiction only if one of those writs is applicable.

Review under a writ of *certiorari* allows judicial examination of decisions taken by public officers that are quasi-judicial in nature. The Department's actions in this instance are not reviewable under *certiorari* because, in setting its food

menus, the Department is not acting in a quasi-judicial capacity – *i.e.,* as a court. Instead, it is fulfilling its duties under Chapters 3 and 11 of Title 28 to make decisions as to how to provide for the needs of the inmates and to review those decisions periodically. *See Rheaume*, 2011 VT 72, ¶ 10, 190 Vt. at 250.

Nor is review available in this instance under a writ of prohibition. "The function of a writ of prohibition is to prevent the unlawful assumption of jurisdiction by a tribunal contrary to common law or statutory provisions." *In re Mattison*, 120 Vt. 459, 463 (1958). Prohibition is plainly inapplicable here because the Department has the responsibility to provide food to prison inmates. *See Ala v. Pallito*, No. 2013–434, 2014 WL 3714892, at *1 (June 2014) (unpub. mem.) (Department's conduct in dispensing medications within its authority and not reviewable under writ of prohibition); *cf. Rheaume*, 2011 VT 72, ¶ 6, 190 Vt. at 249 ("There is no question that the structuring of programming requirements is within the agency purview of the [Department]; thus Rule 75 review cannot be derived from this writ.").

Plaintiff's only possible avenue of review is pursuant to a writ of *mandamus*. *Mandamus* is a remedy wherein the Court "require[s] a public officer to perform a simple and definite ministerial duty imposed by law." *Sagar v. Warren Selectboard*, 170 Vt. 167, 171 (1999). For it to apply, there must be a statutory limitation on the Department's discretion. *See Rheaume*, 2011 VT 72, ¶¶ 9-10, 190 Vt. at 250. Here, plaintiff can point to no statute constraining the Department's ability to set menus in its facilities. *Ala*, No. 2013–434, 2014 WL 3714892, at *1 (Department's conduct

3

in dispensing medications not reviewable under writ of mandamus as it has no specific, statutory duty to dispense drugs in a particular manner).

Furthermore, even under the standard of a so-called "extreme abuse of discretion," where *mandamus* is used to address truly arbitrary abuses of power, relief would be unavailable. *See Vermont State Employees' Ass'n, Inc. v. Vt. Crim. Justice Training Council*, 167 Vt. 191, 195 (1997). Case law has made clear that an extreme abuse of discretion must amount "to a practical refusal to perform a certain and clear legal duty." *Inman v. Pallito*, 2013 VT 94, ¶ 15, 195 Vt. 218, 224 (internal quotation omitted). Absent that, *mandamus* may not issue, no matter how seemingly arbitrary or extreme the Department's decision making may appear. *See Holcomb v. Pallito*, No. 2011–316, 2012 WL 390699, at *1 (Vt. Jan. 26, 2012) (unpublished mem.).

Plaintiff has submitted to the Court his complaint and two supplemental filings that further explain his claim. He has pointed to no clear duty that the Department is shirking in refusing to provide him with his desired choices of food. He has proffered no specific medical or religious need for such a diet. While he has noted his concern regarding the long-term consumption of processed foods, he has not asserted in his submissions that the food being provided fails to meet any established minimum nutritional or health standards. Under such circumstances, the Court has no jurisdiction to review the Department's decision under Rule 75.[1]

---

[1] Although Plaintiff's complaint does not contain a constitutional claim, the Court notes that any such cause of action also would be unlikely to succeed. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977) (complaints about the preparation or quality of prison food are generally "far removed from Eighth

## Conclusion

In light of the foregoing, the Motion to Dismiss is granted.

Electronically signed on February 10, 2016 at 09:58 AM pursuant to V.R.E.F. 7(d).

Timothy B. Tomasi
Superior Court Judge

---

Amendment concerns"); *Price v. Rees*, No. 5:06-CV-P186-R, 2007 WL 2461674, at *5 (W.D. Ky. Aug. 23, 2007) (claim of future harm from ingestion of processed foods presents no actionable, present injury).