NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 101

No. 2016-391

| | |
|---|---|
| Town of Granville and Green Crow Corporation, Inc. | Supreme Court |
| | On Appeal from Superior Court, Addison Unit, Civil Division |
| v. | |
| Joseph Loprete | June Term, 2017 |

Samuel Hoar, Jr., J.

Daniel P. Richardson and Ryan P. Kane of Tarrant, Gillies & Richardson, and David L. Grayck of Law Office of David L. Grayck, Montpelier, for Plaintiffs-Appellees.

Robert A. Gensburg and Hanne A. Anderson Trudeau of Gensburg, Atwell & Greaves, PLLC, St. Johnsbury, for Defendant-Appellant.

PRESENT:  Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.  **SKOGLUND, J.**  Defendant appeals from the court's summary judgment decision in plaintiffs' favor in this ancient road case.  He argues that the undisputed facts do not support the court's conclusion that Sabin Homestead Road is an existing town highway and public road.  We affirm.

¶ 2.  The following facts are undisputed.  In May 2008, the Town of Granville established an Ancient Roads Committee and Process for identifying ancient roads.  Under the "Ancient Roads Act," towns were given until July 1, 2015 to identify all roads that were at one time established as public highways and had not been officially discontinued.  See 19 V.S.A. § 305(c) ("All class 1, 2, 3, and 4 town highways and trails shall appear on the town highway maps

by July 1, 2015."). In August 2009, the Committee recommended that certain roads, including Sabin Homestead Road, be added to the Town Highway Map. Sabin Homestead Road crosses defendant's land for about 100 feet. In December 2009, after notice to defendant and several public hearings, the selectboard adopted the Committee's revised recommendation to add Sabin Homestead Road back to the Town Highway Map. The road currently appears on the Vermont Agency of Transportation's official Town Highway Map.

¶ 3. In late 2012, defendant blocked Sabin Homestead Road by putting a large storage container in the right-of-way. He refused to move the container, even after the selectboard asked him to do so. Plaintiffs then filed a declaratory judgment action asking the court to declare Sabin Homestead Road an existing town highway and public road that was properly established in 1850 following the statutory procedures required at that time. See, e.g., In re Petition of Mattison, 120 Vt. 459, 462, 144 A.2d 778, 780 (1958) ("The procedure to be followed in laying out or discontinuing a highway is wholly statutory and the method prescribed must be substantially complied with or the proceedings will be void."). The law in effect at the time of the road's creation "provided three legal requirements for the creation of a road: (1) an official survey to be recorded in the town clerk's office; (2) a formal act by the selectboard; and (3) a certificate of opening." Kirkland v. Kolodziej, 2015 VT 90, ¶ 19, 199 Vt. 606, 128 A.3d 407 (citing Laws of Vermont, 1824) (additional citation omitted).

¶ 4. The Town moved for summary judgment, arguing that the undisputed facts established that in 1850 the selectboard took official action to lay out the road and that they created and recorded a survey. This satisfied two of the three requirements for establishing a road in 1850. The court denied summary judgment based on the Town's failure to demonstrate that it met the third requirement: that in connection with the creation of the road, the town had filed a certificate of opening.

¶ 5. The parties subsequently agreed that the court could decide this question based on undisputed facts and they filed cross-motions for summary judgment. The parties agreed that no certificate of opening could be found. Defendant argued that this disposed of the case. The Town asserted that it did not need to show that a certificate of opening was recorded, citing 19 V.S.A. § 717(a) ("The lack of a certificate of completion of a highway shall not alone constitute conclusive evidence that a highway is not public."). Even if it did need to make this showing, the Town argued that it could do so.

¶ 6. The court rejected the Town's statutory argument. It found that the Legislature had made clear that proof of proper establishment of a highway could be made without a certificate of completion. See 19 V.S.A. § 717(a) ("The lack of a certificate of completion of a highway shall not alone constitute conclusive evidence that a highway is not public."). Nonetheless, the court found that the statute did not relieve towns of their burden under § 302(a)(6) to show that the road was "laid out as highways by proper authority through the process provided by law at the time they were created." Because § 717(a) predated § 302(a)(6), the court found it reasonable to read into the later statute the notion that proof of compliance with the law in effect at the time of the road's creation was still required, but could be made without an actual certificate of opening. The court also cited Kirkland, 2015 VT 90, ¶ 27, which held that the official record is clearly the best evidence and that "without evidence of destruction or some other inaccessibility," it should be produced. As stated there, "parol evidence may be admissible in the form of an actual action of the selectboard or surveyor if the proponent of the public nature of the road can show that the record of the action once existed but is no longer available." Id. ¶ 28.

¶ 7. The court determined that the Town presented sufficient evidence in the form of two affidavits to satisfy its burden of proof. In the first affidavit, the current town clerk stated that prior to the 1960s, the town records were kept in private homes and in various locations around town and were frequently moved. The clerk indicated that she had never seen a certificate of

3

opening for any road in the town. The clerk opined, based on what the trial court considered competent foundation, that the certificates were contained in volumes of records that had been lost. The current chair of the town's selectboard and former chair of the town's Ancient Roads Committee authored the second affidavit. He averred that between May 2008 and September 2009, he reviewed all of the town's available records relating to roads. He found evidence of actions of the selectboard in laying out roads, and surveys reflecting those actions, but he did not find any certificates of opening for roads established between 1790 and 1877. He found three certificates of opening for roads established following that period. Each of those certificates, however, reflected a change in status rather than a road opening.

¶ 8.     Based on his careful and exhaustive research, the chair observed that "the evidence is that the prior Selectboards of Granville prior to 1877 were thoughtful, lawful, and punctilious about town procedure. All remaining evidence, particularly concerning roads, shows that the Board knew the law for establishing a road, followed the proper procedure, and kept accurate records." The court found this assertion unchallenged, either in its conclusion or in the detail that supported it. The chair thus opined, on what the court considered a more than competent foundation, that the original certificates-of-opening were all bound together in volumes that had been lost or destroyed. Like the first affiant, the chair believed that the town's certificates-of-opening had been lost due to having been stored in private homes and frequently moved. He also believed that the records may have been purged in 1880, when certificates of opening were no longer required.

¶ 9.     The court concluded that the Town's circumstantial evidence, along with the explanations provided by the Town's affiants for the inability to locate an actual certificate of opening in the town records, supported a finding that a certificate of opening was in fact created and recorded, but had since been lost or destroyed. It thus determined that the road had been properly created and granted summary judgment to the Town. This appeal followed.

4

¶ 10. Defendant argues that the Town was required, and failed, to produce sufficient evidence that the Town certified the road as open for public travel in 1850. He maintains that the Town offered only speculation, not proof, and that the court erroneously indulged in the presumption of regularity. Defendant further asserts that 19 V.S.A. § 717(a) did not remove the Town's obligation to prove the existence of a certificate of opening. According to defendant, notwithstanding this statute, the Town must show that the records once existed and to provide a satisfactory explanation of why they cannot be produced. He cites Kirkland, 2015 VT 90, ¶¶ 23-28, in support of this proposition. He also cites 19 V.S.A. § 302(a)(6)(A)(i), which defines "unidentified corridors" in relevant part as "town highways that . . . have been laid out as highways by proper authority through the process provided by law at the time they were created."

¶ 11. We review the court's summary judgment decision de novo using the same standard as the trial court. Richart v. Jackson, 171 Vt. 94, 97, 758 A.2d 319, 321 (2000). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). We conclude that pursuant to 19 V.S.A. § 717(a), the Town was not required to provide a certificate-of-opening, nor to prove that it once existed and cannot now be located. We thus affirm the trial court's decision on alternate grounds.

¶ 12. As noted above, for the road to have been established, it must have been created in a way that was consistent with statute. See In re Petition of Mattison, 120 Vt. at 462, 144 A.2d at 780. This rule is modified by § 717(a), which expressly provides that "[t]he lack of a certificate of completion of a highway shall not alone constitute conclusive evidence that a highway is not public." Section 717(a) makes clear that the absence of a certificate-of- completion is not fatal to the Town's claim. Where, as here, the language of the statute is plain, we must enforce it as written. Tarrant v. Dep't of Taxes, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999).

5

¶ 13.    Assuming arguendo that the Town needed to establish this road as an "unidentified corridor" under § 302(a)(6)(A), the statute simply reiterates the general requirement set forth in Mattison.  While § 302 was enacted after § 717(a), we read § 302 to implicitly recognize that a highway can be deemed "properly laid out" even if a town cannot produce a certificate of completion.  "It is a basic principle of statutory construction that a statute dealing with a narrow, precise and specific subject is not submerged by a later-enacted statute covering a more generalized spectrum."  F. M. Burlington Co.-Mondev Burlington v. Comm'r of Taxes, 134 Vt. 515, 518, 365 A.2d 531, 533 (1976) (quotation omitted).  "Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."  Id. (quotations omitted).  We do not discern from this statute an intent to effectively eliminate the clear and specific language in § 717(a).  See id. at 518-19, 365 A.2d at 533 (explaining that reasoning underlying rule of construction above is that when legislature has addressed "details of a subject," "a subsequent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act," is not "considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all" (quotation omitted)).

¶ 14.    Defendant reads § 717(a) to mean that "proof of proper establishment of a highway can be made without a certificate of completion," but asserts that under Kirkland, a party must still provide proof that a certificate of completion once existed and has since been lost.  Proof of "a certificate of opening" was not at issue in Kirkland, however, nor did we address 19 V.S.A. § 717(a).  See Kirkland, 2015 VT 90, ¶ 19 n.8 (noting that Court presumed road was laid out before certificate-of-opening requirement was added to law, and thus, Court did not consider this requirement in analyzing case).  Kirkland addressed other requirements of road creation and the manner in which those required documents may be proved.  It did not address whether proof of a certificate-of-opening was required in the first instance.  Kirkland thus does not support

6

defendant's position.  Indeed, adopting defendant's position would effectively obviate § 717(a). See <u>State v. Yorkey</u>, 163 Vt. 355, 358, 657 A.2d 1079, 1080 (1995) (explaining that Court presumes that "Legislature does not intend to enact meaningless legislation," and Court must construe statute "in a manner that will not render it ineffective or meaningless").  We conclude that the Town met its burden of proof, and that it was entitled to summary judgment in its favor.

<u>Affirmed</u>.

FOR THE COURT:

_____

Associate Justice